United States Court of Appeals,

Fifth Circuit.

No. 93-1500.

Donna TRUMAN, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

July 22, 1994.

Appeal from the United States District Court for the Northern District of Texas.

Before GOLDBERG, DAVIS, and DeMOSS, Circuit Judges.

GOLDBERG, Circuit Judge:

This case requires us to explore the often murky boundary between the government's sovereign immunity from suit and the availability of recovery under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-80. In 1991, Donna Truman filed this suit against the United States, raising various tort claims under the FTCA. In her complaint, Truman described a pattern of sexual harassment visited upon her by James Whittaker, an employee of the Air Force who worked with Truman at the Sheppard Air Force Base Commissary. The district court dismissed Truman's suit, reasoning that various exceptions to the FTCA barred any recovery. Because we hold that Truman's complaint can be read to raise a claim for intentional infliction of emotional distress and because we find that such a claim is not barred by an exception to the FTCA, we reverse the judgment of the district court and remand this case for further proceedings.

I. Facts and Proceedings Below

Donna Truman worked for Oscar Mayer as a vendor-stocker at the Sheppard Air Force Base Commissary. James Whittaker, an Air Force employee who also worked at the commissary, was a meat-cutter foreman; he had the right to supervise and control vendor-stockers such as Truman. From the beginning of Truman's tenure with Oscar Mayer, Whittaker allegedly created a hostile work environment by making off-color remarks and dirty jokes and by giving Truman untoward winks and nods. According to Truman, Whittaker's conduct later escalated. Whittaker allegedly asked Truman

whether she was "horny" and told her that he was "available". On another occasion, when Truman was walking behind Whittaker, he allegedly "reached behind himself in a low grabbing manner," aiming his hand towards Truman's crotch area. Whittaker also allegedly told Truman about his sexual dreams about her and asked her about her sexual proclivities. Truman charged that Whittaker was also verbally abusive. He allegedly yelled at Truman, accused her of doing things she did not do, talked about her behind her back, called her a trouble-maker, threatened her with the loss of her job, and told others that she wore excessively revealing clothing.

Truman also claimed that officials at Sheppard Air Force Base were aware of Whittaker's behavior. She stated that she repeatedly complained about Whittaker's conduct, but that Whittaker was told to discontinue his offensive behavior only once. The harassment allegedly continued, eventually prompting Truman to resign from her employment with Oscar Mayer.

After exhausting her administrative remedies, Truman filed this suit. She included in her original complaint claims brought under the FTCA. She sought compensation for her mental anguish, anxiety, embarrassment, and humiliation. She later amended her complaint and dropped all of her claims except her FTCA causes of action. Shortly before trial, the government filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. The government argued that Truman's claims were barred by several exceptions to the FTCA listed in 28 U.S.C. § 2680(h). The district court granted the government's motion, dismissed the case, and entered judgment accordingly. This appeal ensued.

## II. Discussion

We review the dismissal of Truman's claims on the pleadings *de novo,* employing the same standard as the district court. *Tuchman v. DSC Communications Corp.,* 14 F.3d 1061, 1067 (5th Cir.1994); *Benton v. United States,* 960 F.2d 19, 21 (5th Cir.1992) (reviewing dismissal of an FTCA suit). Accordingly, we accept the well-pleaded allegations in the complaint as true, and we construe those allegations in the light most favorable to the plaintiff. We will uphold the dismissal of Truman's claim " "only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations.' " *Rubinstein v. Collins,* 20 F.3d 160, 166 (5th Cir.1994) (citation

omitted); *see also Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); *Hospital Bldg. Co. v. Trustees of Rex Hosp.,* 425 U.S. 738, 742 n. 1, 96 S.Ct. 1848, 1851 n. 1, 48 L.Ed.2d 338 (1976).

As the sovereign, the United States is immune from suit unless, and only to the extent that, it has consented to be sued. *F.D.I.C. v. Meyer,* --- U.S. ----, ----, 114 S.Ct. 996, 1000, 127 L.Ed.2d 308 (1994); *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir.1993). Thus, to determine whether Truman can maintain this suit against the government, we must first decide whether one of the government's several waivers of sovereign immunity applies. If not, the government is immune from suit, and there is no subject matter jurisdiction to hear this case. *United States v. Mitchell,* 445 U.S. 535, 538, 100 S.Ct. 1349, 1351, 63 L.Ed.2d 607 (1980).

Through the enactment of the FTCA, the government has generally waived its sovereign immunity from tort liability for the negligent or wrongful acts or omissions of its agents who act within the scope of their employment. Specifically, the FTCA allows the government to be held liable in tort for any

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). The federal district courts have exclusive jurisdiction to hear claims cognizable under section 1346(b). *Id.* However, the exceptions to the FTCA's waiver of sovereign immunity that appear in 28 U.S.C. § 2680 limit the federal courts's jurisdiction to hear FTCA claims and, if applicable, bar a suit brought against the government. Although there is no justification for any court "to read exemptions into the [Federal Tort Claims] Act beyond those provided by Congress," *Rayonier, Inc. v. United States,* 352 U.S. 315, 320, 77 S.Ct. 374, 377, 1 L.Ed.2d 354 (1957), the exceptions that do appear in the FTCA must be strictly construed in favor of the government. *Atorie Air, Inc. v. Federal Aviation Admin.,* 942 F.2d 954, 958 (5th Cir.1991).

One of the exceptions to the FTCA's general consent-to-be-sued policy is integral to the case before us today. This exception retains the government's sovereign immunity for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel,

slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

To determine whether a claim is one "arising out of" any of these enumerated torts, we focus on the conduct upon which the plaintiff's claim is based. If the conduct upon which a claim is based constitutes a claim "arising out of" any one of the torts listed in section 2680(h), then the federal courts have no jurisdiction to hear that claim. *United States v. Neustadt,* 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961); *Commercial Union Ins. Co. v. United States,* 928 F.2d 176, 178-79 (5th Cir.1991). Even if a plaintiff styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred "when the underlying governmental conduct "essential' to the plaintiff's claim can fairly be read to "arise out of' conduct that would establish an excepted cause of action." *McNeily,* 6 F.3d at 347 (citing *Atorie,* 942 F.2d at 958). Thus, the FTCA bars a claim based on conduct that constitutes a tort listed in section 2680(h), even though that conduct may also constitute another tort not listed in section 2680(h). Similarly, a plaintiff cannot circumvent the purpose of section 2680(h) by "framing his complaint in terms of [the government's] negligent failure to prevent the excepted harm." *Id.* at 347. Thus we held in *Garcia v. United States,* 776 F.2d 116 (5th Cir.1985), that a plaintiff could not evade the reach of section 2680(h) by raising a claim for negligence in the supervision of a military recruiter who allegedly assaulted the plaintiff. For the purposes of section 2680(h), Garcia's negligence claim arose out of an assault and battery. *Id.* at 118.

In contrast, if a plaintiff bases a claim on conduct that does not constitute a claim "arising out of" a tort specified in section 2680(h), then the plaintiff's suit is not barred. Even in cases in which the facts alleged in a complaint have two distinct aspects that may give rise to two similar torts, "the partial overlap between ... two tort actions does not support the conclusion that if one is excepted under the Tort Claims Act, the other must be as well. Neither the language nor history of the Act suggests that when one aspect of the Government's conduct is not actionable [because it constitutes a tort enumerated in section 2680(h) ], a claimant is barred from pursuing a distinct claim arising out of other aspects of the Government's conduct." *Block v. Neal,* 460 U.S. 289, 298, 103 S.Ct. 1089, 1094, 75 L.Ed.2d 67 (1983). So long as some aspect of the conduct upon which a plaintiff bases a tort claim does not constitute a tort listed in section 2680(h), the suit is not barred. Thus, in *Block,*

the Supreme Court held that the plaintiff could maintain a cause of action against the government for negligently failing to detect defects in the construction of a house, even though the plaintiff in that case may also have had a claim for misrepresentation—a tort excepted from the FTCA by section 2680(h).

In the present case, Truman described in her complaint an extensive pattern of offensive conduct undertaken by Whittaker. She claimed that this conduct gave rise to several tort claims. The district court dismissed Truman's suit, holding that Truman's claims were barred by section 2680(h) because they arose out of an assault or a battery or consti tuted slander. We hold that the district court erred when it dismissed Truman's suit. The conduct alleged in Truman's complaint can fairly be read to state a claim for intentional infliction of emotional distress—not a claim for assault, battery, or slander. And, a claim for intentional infliction of emotional distress based on the conduct described in Truman's complaint is not barred by an exception to the FTCA.

Truman stated in her amended complaint that Whittaker's numerous sexual insults, comments, and innuendos damaged her and caused her to suffer, *inter alia,* mental anguish, anxiety, embarrassment, and humiliation. She referred in a conclusory way to a claim for "sexual harassment." In her brief to this court, Truman states that she wishes to amend her complaint for a second time and explicitly raise a claim for intentional infliction of emotional distress. Generally, we do not countenance the raising of claims on appeal that were not presented to the district court. However, based on the allegations of sexual harassment contained in Truman's first amended complaint, we believe that there is no question that one can deduce the existence of a claim for intentional infliction of emotional distress. The essence of Truman's first amended complaint is plainly one for intentional infliction of emotional distress. Such a claim has been recognized as a tort by Texas courts. *Twyman v. Twyman,* 855 S.W.2d 619, 620 (Tex.1993); Restatement (Second) of Torts § 46 (1965).

The issue is thus whether Truman's claim for intentional infliction of emotional distress is excluded from the reach of the FTCA by any of the exclusions listed in section 2680(h). We hold that her claim is not so excluded. As we have noted, the focus of this inquiry is on the conduct on which Truman bases her claim. If the conduct on which Truman bases her claim for intentional infliction

of emotional distress constitutes a claim "arising out of" what is traditionally taken to be a tort enumerated in section 2680(h), then Truman's claim is barred. *Block,* 460 U.S. at 296, 103 S.Ct. at 1092; *Commercial Union,* 928 F.2d at 178. Conversely, if the conduct on which Truman bases her claim for intentional infliction of emotional distress does not constitute a tort enumerated in section 2680(h), then Truman's claim is not barred. This is so even if a claim based upon other government conduct would be barred by section 2680(h). *Block,* 460 U.S. at 298, 103 S.Ct. at 1094.

We have no difficulty finding that aspects of the conduct alleged in Truman's complaint do not constitute a tort enumerated in section 2680(h). The government contends, and the district court found, that Truman's claims arose out of an assault or a battery. We disagree. Some offensive contact is an essential element of the tort of battery. *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627, 629 (Tex.1967); Restatement (Second) of Torts § 13. In her amended complaint, Truman did not allege that any offensive contact directly or indirectly resulted from Whittaker's actions. It follows that Truman's claim cannot arise out of battery. A claim for the tort of assault is stated if (1) a person acts intending to cause an imminent apprehension in another person of harmful or offensive contact, and (2) the other person is thereby put in such imminent apprehension. Restatement (Second) of Torts § 21. Moreover, words alone cannot make a person liable for assault unless the utterance of those words, together with other circumstances, put another "in reasonable apprehension of an imminent harmful or offensive contact." *Id.* at § 31. Truman did not allege that any of Whittaker's acts placed her in imminent apprehension of harmful or offensive contact, nor did Truman claim that any of Whittaker's offensive comments, together with other circumstances, placed her in reasonable apprehension of imminent offensive contact.[1] Thus, the conduct about which Truman complains does not arise out of a claim for assault either.

The character of Truman's allegations distinguish this case from *Garcia v. United States,* 776 F.2d 116 (5th Cir.1985). In that case, the plaintiff claimed that she had been subject to unwanted

---

[1]The only portion of Truman's amended complaint that could be construed to raise an assault claim is the allegation that Whittaker "grabbed at" Truman's crotch area. However, Truman did not suggest that Whittaker's conduct placed her in apprehension of offensive contact. Hence, the conduct that Truman described in her amended complaint does not constitute a claim for assault.

sexual *contact* from an employee in an Army recruitment office. We held that a claim based on this contact arose out of a battery and therefore was excepted from the purview of the FTCA by section 2680(h). As we have explained, Truman has not alleged that Whittaker subjected her to any offensive or harmful contact. Her claim thus does not arise out of a battery.

The government also argues, and district court also held, that Truman's suit had to be dismissed because portions of her complaint alleged conduct that constitutes slander. Again, we disagree with the district court's conclusion. The district court found that Truman's allegations that Whittaker (1) discussed Truman with others, (2) accused Truman of being a trouble-maker, and (3) stated to others that Truman wore inappropriately revealing clothing were slanderous and were thus barred by section 2680(h). Even if we assume that all of these utterances constitute slander, we cannot find that Truman's amended complaint was properly dismissed. Other aspects of the conduct that Truman alleged in her amended complaint have nothing to do with the three incidents noted above and plainly do not arise out of slander. As we have explained, these other aspects of the conduct pleaded can form the basis for a suit brought under the FTCA. *Block,* 460 U.S. at 298, 103 S.Ct. at 1094.[2]

We are holding that Truman's complaint can be read to state a claim for intentional infliction of emotional distress. Several other federal circuit courts of appeals have held that the FTCA does not except such a claim from being brought against the government for the acts of its employees. *See Santiago-Ramirez v. Secretary of Dep't of Defense,* 984 F.2d 16, 20 (1st Cir.1993); *Kohn v. United States,* 680 F.2d 922 (2d Cir.1982); *Gross v. United States,* 676 F.2d 295, 304 (8th Cir.1982); *Sheehan v. United States,* 896 F.2d 1168, 1172 (9th Cir.1990). Today, we follow the lead of these other courts and conclude that the conduct on which Truman bases her claim for intentional infliction

---

[2]Although we do not address the district court's holding that some of Whittaker's comments were slanderous, we note that this conclusion is in some respects suspect. To be defamatory, a communication must harm another's reputation. Although Truman alleged in one part of her complaint that Whittaker discussed her with others, she did not reveal what Whittaker allegedly said. Without explaining what was allegedly said, or without alleging that her reputation was damaged, we fail to see how this allegation constitutes slander. In another instance, Truman claimed that Whittaker accused her of being a trouble-maker. However, Truman did not claim that Whittaker communicated this comment to a third person. Without such an allegation, this comment does not constitute slander either.

of emotional distress does not fall within the definition of a tort listed in section 2680(h).

The components necessary to establish assault, battery, and slander are legally and definitively defined, and they are decidedly distinct from the elements that make up intentional infliction of emotional distress. Similarly, the goals of these torts are different. Intentional infliction of emotional distress is designed to protect a person's normal and equable state of mind. Assault and battery are designed to protect people from harmful or offensive contact and from the apprehension of such contact; slander protects a person's interest in his or her reputation. Intentional infliction of emotional distress may have similarities with assault, battery, and slander, but it does not have an identity sufficient for one to conclude that it is symbiotic with assault, battery, or slander. The fact that an intentional infliction of emotional distress claim guards against severe emotional distress goes far to negate the possibility that such a claim has an identity with either an assault, or a battery, or slander.

In addition to the foregoing analysis, we recognize that in section 2680(h), Congress determined to except certain torts from the FTCA's general waiver of sovereign immunity. Intentional infliction of emotional distress was not included among these enumerated torts. *Expressio unius est exclusio alterius.* Given the specific exceptions enumerated in section 2680(h), the government cannot claim intentional infliction of emotional distress was also ex-communicated from the FTCA.

### III. Conclusion

The judgment of the district court is REVERSED, and this case is REMANDED to the district court for further proceedings consonant with this opinion.