**Edward R. DRURY**

v.

**UNITED STATES of America, DEPART-MENT OF the ARMY, NEW ORLEANS DISTRICT CORPS OF ENGINEERS.**

**Civ. A. No. 95–1599.**

United States District Court,
E.D. Louisiana.

Oct. 24, 1995.

---

**108**

Edward R. Drury, Jefferson, LA, Pro Se.

Paul Stuart Weidenfeld, U.S. Attorney's Office, New Orleans, LA, for defendant.

## ORDER AND REASONS

JONES, District Judge.

Pending before the Court is a "Motion to Dismiss" filed by the Defendant United States, which was previously taken under

submission without oral argument. Having considered the briefs of the parties, the record, and the applicable law, the Court DENIES the motion.

## Background

Plaintiff Edward Drury filed a "Complaint for Damages" alleging that defendants United States and the Department of the Army, New Orleans District, Corps of Engineers (hereinafter "Corps of Engineers") was liable under the Federal Torts Claims Act, 28 U.S.C. § 2671 *et seq.*, for damages. (R.Doc. 1, Paragraphs I and IV.)[1] Plaintiff alleges that he was and is owner of real property and improvements located in the Parish of Jefferson, State of Louisiana, and that at some time prior to January 1991 the defendant Corps of Engineers entered his property, "posted the property no trespassing [sic] with an official United States Government No Trespassing sign; and further erected a billboard describing the project which they were undertaking and negligently converted plaintiff's property for their own use." *Id.*, Paragraph V.

Plaintiff further contends that defendants did not contact him prior to entrance on the property or ask permission to use the property. *Id.*, Paragraphs VI and XI. Defendants allegedly used the property during their construction of a hurricane protection levee. *Id.*, Paragraph VII. Further, defendants allegedly destroyed a "firing range backdrop" on the property being used by a lessee of the property and "instructed" the lessee not to use the property. *Id.* Paragraphs VII and VIII. Defendants also allegedly used and damaged a building on the property. *Id.*, Paragraph IX.

According to the complaint, defendants "vacated" the property in April 1993. *Id.*, Paragraph X. Allegedly, at no time before or during defendants' occupation of the property or after defendants vacated the property did they offer any compensation to plaintiff. *Id.*, Paragraph XII.

1. The Court previously had dismissed an earlier suit filed by plaintiff for lack of subject matter jurisdiction due to plaintiff's failure to follow the administrative procedures necessary under the Federal Torts Claims Act. (C.A. 94–2743, R.Doc.

17.) Plaintiff then refiled this matter after time had run on administrative action to complete the administrative procedure. (R.Doc. 1, Paragraph XV.)

Plaintiff further alleges that the property is damaged to the point where it is "unuseable in its present condition for its intended purpose" and that this damage resulted from the negligence of defendants arising from, among other allegations, "trespass upon plaintiff's property," disturbance of peaceful possession of the property, and "conversion of property for [defendants'] own use." *Id.*, Paragraphs XII and XIII. Plaintiff claims damages including "mental anguish, distress, embarrassment, and humiliation;" loss of rental income; and destruction and damage to the property and its improvements in the amount of $285,000.00. *Id.*, Paragraphs XIII and XIV.

Defendant United States brings this present motion, which, while not specifying under which rule of the Federal Rules of Civil Procedure it is brought, the Court construes as a motion to dismiss for lack of subject-matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1).[2] Defendant argues that plaintiff's claims, if any, are grounded in the Fifth Amendment prohibition against uncompensated "takings" and not in tort. Hence, the government argues that the United States Court of Claims, not this Court, has exclusive jurisdiction of this claim.

In opposition, plaintiff argues that the action is actually grounded in tort, as evidenced by his claims of negligence on the part of defendants, and his complaint is properly brought pursuant to the Federal Torts Claims Act (hereinafter "FTCA").

### Law and Application

In determining whether to grant a motion to dismiss for lack of subject matter jurisdiction, the Court reviews the complaint "broadly and liberally, although argumentative inferences favorable to the pleader will not be drawn." *Gaubert v. United States,*

885 F.2d 1284, 1285 (5th Cir.1989), *rev'd on other grounds,* 499 U.S. 315, 111 S.Ct. 1267, 113 L.Ed.2d 335 (1991). *Cf. Truman v. United States,* 26 F.3d 592, 594 (5th Cir.1994) (applying same standard of review in determining whether claim stated and/or subject matter jurisdiction exists under FTCA). The Court also accepts as true "all uncontroverted factual allegations of the pleadings." *Gaubert,* 885 F.2d at 1285.

The issue, as phrased by the government, is simply whether the allegations, taken as true, show that plaintiff's real cause of action is that a "taking" occurred under the Fifth Amendment,[3] such that, although the complaint alleges tortious acts, jurisdiction of this matter falls to the United States Court of Claims, not this Court. The government's argument is based on 28 U.S.C. § 1346(a)(2), which provides in pertinent part, that district courts have jurisdiction of claims against the United States founded upon the Constitution, *i.e.,* the Takings Clause of the Fifth Amendment, so long as the claim for damages does not exceed $10,000.[4] Because plaintiff's claim for damages exceeds $10,000, the government posits that jurisdiction lies with the United States Court of Federal Claims pursuant to 28 U.S.C. § 1491(a)(1).[5]

The problem with the government's argument is its faulty premise that plaintiff's claim sounds under the Fifth Amendment's Takings Clause, not in tort. The government asks the Court to apply the standard used by courts to determine whether a claim has been made under the FTCA or is barred by one of the exceptions to the waiver of sovereign immunity as delineated at 28 U.S.C. § 2680. For example, in *Truman, supra,* the court of appeals looked at the complaint and stated that "[e]ven if a plaintiff

---

2. Defendant's argument states that the issue before the court is "jurisdictional." (Defendant's memorandum in support of motion, R.Doc. 4, p. 2.) The Court agrees.

3. The Fifth Amendment provides, in pertinent part: "[N]or shall private property be taken for public use, without just compensation." U.S. Const. Amend. V.

4. This statute provides, in pertinent part:
The district courts shall have original jurisdiction, concurrent with the United States Court

of Federal Claims, of ... [a]ny other civil action or claim against the United States, not exceeding $10,000 in amount, founded ... upon the Constitution....

5. This statutes reads, in pertinent part:
The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded ... upon the Constitution....

styles a claim so that it is not one that is enumerated in section 2680(h), the plaintiff's claim is still barred 'when the underlying governmental conduct "essential" to the plaintiff's claim can fairly be read to "arise out of" conduct that would establish an excepted cause of action.'" *Truman,* 26 F.3d at 594, *quoting McNeily v. United States,* 6 F.3d 343, 347 (5th Cir.1993).

However, the government cites no case law for its determination that the Court can "pierce the veil" of plaintiff's complaint to construe it as arising under the Takings Clause as opposed to the FTCA. This is not what *Truman* stands for. Instead, the teaching of *Truman* is that, in order to determine whether a claim falls within the "excepted cause[s] of action" set forth in § 2680(h), a court may look to the "real" cause of action set forth in the complaint. *See Hall v. United States,* 274 F.2d 69, 71 (10th Cir.1959) (court of appeals in action filed under FTCA may "look beyond the literal meaning of the language to ascertain real cause of the complaint"); *Rey v. United States,* 484 F.2d 45, 49 (5th Cir.1973) (quoting *Hall*).

Moreover, a cause of action under the Takings Clause is not the same as a cause of action under the FTCA, and the two can be brought separately, as recognized by *Golden Pacific Bancorp v. United States,* 15 F.3d 1066 (Fed.Cir.1994). In that case the Federal Circuit addressed the issue of whether a claim filed in the United States Court of Claims based on the Takings Clause of the Fifth Amendment was precluded under the doctrine of res judicata because an earlier lawsuit based on the FTCA and the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), had been dismissed in federal district court and affirmed on appeal. *Id.* at 1069–71.[6] The Federal Circuit rejected the res judicata argument, stating: "The doctrine of res judi-

cata does not apply because Golden Pacific's taking claim before the Claims Court was not the same as Golden Pacific's [Administrative Procedure Act] and FTCA claims before the district court." *Id.* at 1071. Hence, the Court finds that a claim can be brought under the FTCA separate from a "taking" claim under the Fifth Amendment.

The only remaining issue is whether plaintiff's claim in this matter sounds in tort. As set forth above, plaintiff claims that the government trespassed and converted his property. The FTCA provides that the United States shall be liable in tort for any

> negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b). *See Truman,* 26 F.3d at 594. Louisiana provides a cause of action for both trespass, *see, e.g., Patin v. Stockstill,* 315 So.2d 868, 873 (La.App. 1st Cir.1975), and conversion of property. *See, e.g., Harper Oil Field Services v. Dugas,* 451 So.2d 96, 101 (La.App. 3rd Cir.1984). Further, neither trespass nor conversion are one of the enumerated exceptions to the FTCA's waiver of sovereign immunity set forth at 28 U.S.C. § 2680. Thus, plaintiff has stated a cause of action under the FTCA.

▪ In conclusion, reviewing the plaintiff's complaint broadly and liberally, and, further, accepting as true all uncontroverted allegations of the pleadings, *Gaubert, supra,* the Court finds that plaintiff has stated a claim under the FTCA and that this Court has subject matter jurisdiction over such a claim. The Court refuses to transform plaintiff's claim, which clearly sounds in tort, into a

---

**6.** Although plaintiff had initially alleged a taking in violation of the Fifth Amendment in the case before the district court, it "acknowledged that any monetary claim it was asserting against the government sounded in tort." *Id.* at 1069. "Thus, when the district court granted the government's motion for summary judgment, [plaintiff] was no longer asserting any monetary claims under the Fifth Amendment." *Id.* The district court either overlooked the claim for injunctive

relief under the Fifth Amendment "or viewed its decision with respect to the [Administrative Procedure Act] and FTCA claims as being dispositive of any request for injunctive relief." *Id.* at 1069–70. The appellate court affirmed, determining that plaintiff's action was "nothing more than a claim for damages under the FTCA." *Id.* at 1070, *quoting Golden Pacific Bancorp v. Clarke,* 837 F.2d 509, 510 (D.C.Cir.1988).

claim under the Takings Clause of the Fifth Amendment absent plaintiff's choice of making such a claim and absent legal authority to do so.[7]  Further, the Court finds no legal prohibition against plaintiff's choosing to file a suit under the FTCA and not the Fifth Amendment, even assuming *arguendo* that plaintiff could bring such a suit.

Accordingly, IT IS ORDERED that the United States of America's "Motion to Dismiss" be and is hereby DENIED.

---

7.  As noted, the government has not presented such legal authority to the Court, and the Court has failed to find any.