IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30403
(Summary Calendar)
_____


ADVANCED MATERIALS, INC.,

                                        Plaintiff-Appellant,

                    versus

UNITED STATES OF AMERICA;
WILLIAM H. REED; E. A. BURGESS;
GARY BAZZELL; PHILLIP RODGERS,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
(USDC No. 96-CV-771-I)
- - - - - - - - - -
January 14, 1998
Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Advanced Materials, Inc. ("AMI") appeals the dismissal of its
claims for lack of subject-matter jurisdiction.  The individual
defendants were employee auditors for the Defense Contract Audit
Agency ("DCAA"), which performed the auditing and accounting
functions regarding a research and development contract between AMI
and the Department of Defense.  Based on DCAA's analysis, the

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Department of Defense disallowed the reimbursement of contract costs to AMI.

AMI alleges that the individual defendants were negligent in auditing and analyzing AMI's contract and committed various acts as of libel or slander disparaging AMI. AMI has filed these claims under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-80. The FTCA acts as a waiver of the United States' sovereign immunity from suit. However, the FTCA explicitly excludes any claims "arising out of . . . libel, slander, . . . or interference with contract rights. . . ." 28 U.S.C. § 2680(h). Although AMI has framed its claims in terms of negligence, the claims regarding contract analysis and auditing are clearly based in contract and cannot be considered tort claims for purposes of the FTCA. See Davis v. United States, 961 F.2d 53, 56 (5th Cir. 1991). As none of AMI's claims fall within the FTCA's waiver of sovereign immunity, the district court lacked subject-matter jurisdiction to consider them and properly dismissed the suit. See Truman v. United States, 26 F.3d 592, 594 (5th Cir. 1994).

AFFIRMED.