IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-31080
Summary Calendar
_____

CARRIE STIDHAM,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 99-CV-2794-T
- - - - - - - - - -
March 13, 2001

Before HIGGINBOTHAM, WIENER, and BARSKDALE, Circuit Judges.

PER CURIAM:[*]

Carrie Stidham appeals from the district court's grant of the Government's motion to dismiss or, in the alternative, for summary judgment, in her lawsuit filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680. At the time of the relevant events, Stidham was a young U.S. Army recruit. She alleged that three Army sergeants, on multiple occasions during a period of several months, sexually assaulted her, forced her to perform oral sex, and intentionally inflicted emotional distress. The district court dismissed the Army as a

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

defendant, and that dismissal is not challenged. The district court granted the government's motion for summary judgment, concluding that any claims relating to sexual assault or nonconsensual sexual contact were barred by the FTCA's exclusion, under 28 U.S.C. § 2860(h), of claims involving "assault" and "battery" from the FTCA's general waiver of sovereign immunity. The court also granted summary judgment upon a claim of intentional infliction of emotional distress because Stidham failed to demonstrate that the sergeants were acting within the scope of their employment during the alleged incidents.

We review a grant of summary judgment *de novo*. *Love v. National Med. Enter.*, 230 F.3d 765, 770 (5th Cir. 2000). Summary judgment is appropriate when, considering all of the admissible evidence and drawing all reasonable inferences in the light most favorable to the nonmoving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(*en banc*). If the moving party meets the initial burden of showing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence or set forth specific facts showing the existence of a genuine issue for trial. FED. R. CIV. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Subject to several exceptions, the FTCA waives the sovereign immunity of the United States, making it liable in tort "in the same manner and to the same extent as a private individual under like circumstances," 28 U.S.C. § 2674, for certain damages

"caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."  28 U.S.C. § 1346(b); *see Johnson v. Sawyer*, 47 F.3d 716, 727 (5th Cir. 1995).  Under 28 U.S.C. § 2680(h), however, the FTCA shall *not* be applicable to "[a]ny claim arising out of <u>assault</u>, <u>battery</u>, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights."  (emphasis added).  In factual circumstances almost identical to those here, this court has held that allegations of sexual misconduct or assault are excludable under § 2680(h), because they amount to "assault" or "battery."  *Garcia v. United States*, 776 F.2d 116, 116-17 (5th Cir. 1985).

As for Stidham's claim of intentional infliction of emotional distress, to determine if they are also excluded by § 2680(h), we look to the underlying conduct upon which the claim is based.  *See Truman v. United States*, 26 F.3d 592, 595-96 (5th Cir. 1994).  If the underlying conduct is a tort enumerated in § 2680(h), then the claim for intentional infliction of emotional distress is barred.  *Id*.  In *Truman*, we considered a claim for intentional infliction of emotional distress stemming from sexual harassment.  We concluded that the sexual harassment alleged did not constitute assault or battery because there was never an "offensive contact" or "imminent apprehension of harmful or

offensive contact." *Id.* at 596. Here, by contrast, the underlying conduct did involve offensive contact. Stidham alleges that the sergeants compelled her to engage in sexual intercourse with them, and perform acts of oral sex. These constitute an "offensive contact," and therefore the underlying conduct upon which the intentional infliction of emotional distress claim is predicated constitutes a tort enumerated in § 2680(h). We agree with the district court that even if the claim could escape our reading of *Truman*, it would rest on intentional conduct that would exceed the line and scope of employment under Louisiana law.

Accordingly, the judgment of the district court is AFFIRMED.