**Randolph S. KOCH, Plaintiff**

v.

**UNITED STATES, Defendant.**

**No. CIV.A. 01–1385(RCL).**

United States District Court, District of Columbia.

May 17, 2002.

Randolph Koch, Bethesda, MD, Pro se.

Doris Coles–Huff, Assistant United States Attorney, Washington, DC, for Defendant.

## MEMORANDUM OPINION

· LAMBERTH, District Judge.

Now before the Court is Federal Defendant's Motion to Dismiss, Plaintiff's Opposition to Motion to Dismiss and Opposition to the Substitution of United States as Defendant, and Plaintiff's Rule 56(f) Motion for Continuance to Complete Needed Discovery, and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss and Opposition to Plaintiff's Request for Discovery. Upon consideration of the pleadings, the relevant decisions of prior federal courts and the record of this case, the Court will grant defendant's motion to dismiss.

### I. Background

Plaintiff Randolph Koch originally commenced this suit in the Superior Court of the District of Columbia in April of 2001 against Jeremiah de Michaelis, an employee of the Securities and Exchange Commission. In June of 2001, the United States Attorney for the District of Columbia filed a certification substituting the United States as the sole federal defendant, asserting that de Michaelis was an officer sued for an alleged act performed within the scope of his employment. In addition to the certification, the government filed a notice of removal of the case from the Superior Court to this Court pursuant to 28 U.S.C. § 1441 and § 1442(a)(1).

· The underlying facts of the case relate to an incident which occurred on April 7, 2000, involving plaintiff Koch and de Michaelis. At that time, plaintiff Koch was employed as a financial analyst for the Securities and Exchange Commission, and de Michaelis was employed as a Branch Chief. Although their offices were in close proximity to one another, plaintiff Koch did not work in the branch supervised by de Michaelis, and de Michaelis had never supervised plaintiff Koch.

Prior to the incident on April 7, 2000, there had been a longstanding dispute between plaintiff Koch and his supervisors with respect to plaintiff Koch's occasional tardiness due to a recurring health problem. Plaintiff Koch believed that his tardiness was excusable due to his documented medical condition and the fact that, plain-

tiff Koch alleges, other supervisors did not question the tardiness or absence of other SEC employees. In communications to SEC supervisors, plaintiff Koch repeatedly cited de Michaelis as an example of an employee who was frequently tardy or absent; de Michaelis was unhappy with plaintiff Koch's allegations about his work practices. On the morning of April 7, 2000, plaintiff Koch sent another communication to supervisors at the SEC alleging that de Michaelis was frequently absent or tardy.

On the afternoon of April 7, 2000, de Michaelis went to the office of plaintiff Koch. According to plaintiff Koch, de Michaelis approached plaintiff Koch and put his face approximately four or five inches away from plaintiff Koch's face. De Michaelis then pointed his finger at plaintiff Koch, threatened to sue plaintiff Koch for slander, and stated that he would "suck [plaintiff Koch's] wallet clean." *See* Notice of Removal of Civil Action, Att. 1 (Declaration of Randolph Koch). De Michaelis used profanity, and spoke in a loud and angry voice. De Michaelis then left plaintiff Koch's office.[1]

In addition to the proffered facts surrounding the events on April 7, 2000, plaintiff Koch alleges that deMichaelis has engaged in other annoying behaviors such as following plaintiff Koch outside, staring and smiling at plaintiff Koch, and walking close to plaintiff Koch.

The United States filed a notice of a removal and a certification pursuant to the Westfall Act, 28 U.S.C. § 2679 (1988), substituting the United States as sole defendant in lieu of Jeremiah de Michaelis. The United States has now filed a motion to dismiss, arguing that plaintiff Koch has not properly established a statutory waiver of sovereign immunity, that plaintiff Koch

failed to state a claims for relief, and that plaintiff Koch did not exhaust his administrative remedies. In his opposition to the defendant's motion, plaintiff Koch has moved for discovery in order to contest whether de Michaelis' alleged actions were, in fact, within the scope of his employment.

## II. Analysis

### A. Validity of the Attorney General's Westfall Certification

The defendant's first asserted ground for dismissal is plaintiff's Koch's alleged failure to establish a waiver of sovereign immunity. While it is true that sovereign immunity must be waived for a suit to be properly maintained against the United States, the Court must first independently determine whether the United States is a proper defendant. In a case where the Attorney General's designee has filed a certification that the original defendant was acting within the scope of his employment, that certification has the following three effects: (1) the lawsuit is removed to federal court; (2) the United States may be substituted as the sole defendant; and (3) if the United States is the proper defendant, the suit is converted to one against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. 28 U.S.C. 2679(d)(4); *see also Haddon v. United States*, 68 F.3d 1420 (D.C.Cir.1995). Those effects are, however, contingent upon whether this Court finds that deMichaelis was acting within the scope of his employment. *See Haddon*, 68 F.3d at 1423 ("[T]he federal court may determine independently whether the employee acted within the scope of employment and, therefore, whether to sub-

---

1. The facts are generally undisputed. Jeremiah deMichaelis claims that he was "several feet" away from plaintiff Koch and claims that he did not use profanity, but those minute variations in factual allegations are of no import at this stage.

stitute the federal government as the proper defendant.").

■ In order to determine whether a federal employee was acting within the scope of his employment, this Court must apply the law of the District of Columbia, which is drawn from the Restatement (Second) of Agency. *See id.* The Restatement provides that the

> [c]onduct of a servant is within the scope of employment if, but only if: (1) it is of the kind he is employed to perform; (2) it occurs substantially within the authorized time and space limits; (3) it is actuated, at least in part, by a purpose to serve the master; and (4) if force is intentionally used by the servant against another, the use of force is not unexpected by the master.

Restatement (Second) of Agency § 228. When deciding legal issues raised by a motion to dismiss, the Court will usually view any proffered facts in the light most favorable to the plaintiff. *See Wilderness Society v. Griles,* 824 F.2d 4, 16 (D.C.Cir. 1987). Where, however, the Attorney General has filed a Westfall certification that the original defendant was acting within the scope of his employment, the Court deviates from this general rule.

When the Court reviews the validity of a certification filed by the Attorney General, that certification acts as the Government's proffer of a *prima facie* case that deMichaelis was, in fact, acting within the scope of his employment. *Kimbro v. Velten,* 30 F.3d 1501, 1509 (D.C.Cir.1994) (adopting the Third Circuit's procedure, outlined in *Melo v. Hafer,* 13 F.3d 736 (3d Cir.1994)). The burden therefore shifts to plaintiff Koch to come forward with "competent evidence supporting the facts upon which

he would predicate liability, as well as any other facts necessary to support a conclusion that the defendant acted beyond the scope of his employment."[2] *Melo,* 13 F.3d at 747. Plaintiff Koch must prove by a preponderance of the evidence that deMichaelis was acting beyond the scope of his employment. *See Gutierrez de Martinez v. Drug Enforcement Admin.,* 111 F.3d 1148, 1153 (4th Cir.1997). If necessary, the Court may permit plaintiff Koch to conduct reasonably circumscribed discovery, and the Court may hold an evidentiary hearing to take evidence. *See id.* ("Only if the district court concludes that there is a genuine question of fact material to the scope-of-employment issue should the federal employee be burdened with discovery and an evidentiary hearing."). Therefore, the question for resolution by this Court is whether plaintiff Koch would ever be able to produce competent evidence proving that deMichaelis was *not* acting within the scope of his employment. If so, the Court must then examine whether plaintiff Koch would be able to produce competent evidence showing that deMichaelis did in fact commit the alleged torts.

The Court will first address the question of whether plaintiff Koch would be able to come forward with "competent evidence supporting ... a conclusion that the defendant acted beyond the scope of his employment," *Melo,* 13 F.3d at 747, if the Court permitted him to conduct discovery and put forth evidence at a hearing. No discovery or evidentiary hearing is warranted here. Even assuming that plaintiff Koch's factual allegations are true, without requiring him to produce evidence to support those allegations, plaintiff Koch fails to show that deMichaelis was acting outside

---

2. The burden-shifting effect of the Attorney General's certification is in keeping with Congress' intent to "protect federal employees from the uncertain and intimidating task of defending suits that challenge conduct within

the scope of their employ." *Brown v. Armstrong,* 949 F.2d 1007, 1011 (8th Cir.1991), *cited in Gutierrez de Martinez v. Drug Enforcement Admin.,* 111 F.3d 1148, 1154 (4th Cir. 1997).

the scope of his employment. The case of *Haddon v. United States*, 68 F.3d 1420 (D.C.Cir.1995), is particularly instructive. In that case, a White House electrician, Jeffrey Freeburger, was angered by a discrimination claim that a White House chef, Sean Haddon, had brought against the White House Chief Usher. Freeburger followed Haddon to the White House employees' parking lot and threatened physical harm to Haddon unless he withdrew the complaint, although the complaint did not in any way involve Freeburger. Haddon then brought suit against Freeburger. The Attorney General filed a Westfall Act certification on behalf of Freeburger, attesting that Freeburger had been acting within the scope of his employment, and that the United States should therefore be substituted as the sole defendant. The district court agreed and did substitute the United States.

The Court of Appeals, reviewing *de novo* the district court's finding that Freeburger was acting within the scope of his employment, reversed and resubstituted Freeburger as defendant. The Court of Appeals described two District of Columbia cases which "mark the outer limits of scope of employment" under D.C. law. *Haddon*, 68 F.3d at 1425. In *Lyon v. Carey*, 533 F.2d 649 (D.C.Cir.1976), the court upheld a jury verdict that a mattress deliveryman acted within the scope of his employment when he assaulted and raped plaintiff immediately following a dispute over whether he should carry the mattress into the apartment for her inspection and whether a check was an acceptable means of payment. In *Johnson v. Weinberg*, 434 A.2d 404 (D.C.1981), the court found that a laundromat employee was acting within the scope of employment when that employee, responsible for removing clothes from washing machines, shot a customer during a dispute over missing shirts. In both of these instances, the tort "arose out of the transaction which initially brought

[the customer] to the premises ... and was triggered by a dispute over the conduct of the employer's business." *Haddon*, 68 F.3d at 1425.

Applying that principle to the facts in *Haddon*, the Court held that the Freeburger was not acting within the scope of employment because "the alleged tort did not arise from the employee's authorized duties ... [Freeburger's] threat did not stem from a dispute over the performance of *his* work." *Id.* (emphasis in original). In this instance, the alleged incident between plaintiff Koch and deMichaelis stemmed *directly* from a dispute over their respective performances at work. Plaintiff Koch alleged that deMichaelis was frequently tardy and absent from work, and deMichaelis' anger at plaintiff Koch was a direct outgrowth of plaintiff Koch's critiques towards deMichaelis' work performance. The alleged incident upon which this suit is premised arose solely because of a dispute about the work performances of plaintiff Koch and deMichaelis. Therefore, the Court finds that even accepting *arguendo* plaintiff Koch's unsupported factual allegations, it is clear that deMichaelis was acting within the scope of his employment. No discovery or evidentiary hearing on this matter is necessary, so plaintiff Koch's Motion for Discovery will be denied. The Court accepts the certification of the Attorney General substituting the United States as the sole defendant and dismissing Jeremiah deMichaelis from this case.

B. Plaintiff Koch's Claims Under the Federal Tort Claims Act

Because the United States is now the sole defendant, this case is now converted to one governed solely by the remedies provided by the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671 et seq. *See, e.g., Haddon v. United States*, 68 F.3d

1420 (D.C.Cir.1995); *Melo v. Hafer*, 13 F.3d 736 (3d Cir.1994). The FTCA is a statutory waiver of sovereign immunity, and its remedies against the United States are construed narrowly in favor of the sovereign. *See, e.g., Block v. North Dakota*, 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983) ("The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress. A necessary corollary to this rule is that when Congress attaches conditions to legislation waiving the sovereign immunity of the United States those conditions must be strictly observed, and exceptions thereto are not to be lightly implied."); *see also Lane v. Pena*, 518 U.S. 187, 192, 116 S.Ct. 2092, 135 L.Ed.2d 486 (1996) ("To sustain a claim that the Government is liable for awards of money damages, the waiver of sovereign immunity must extend unambiguously to such monetary claims."). Plaintiff Koch must therefore satisfy the strict procedural and substantive requirements set out by the FTCA. If plaintiff Koch fails to meet his burden in showing that he did comply with those requirements, this Court is without jurisdiction to hear his claims. *See, e.g., Jayvee v. United States*, 721 F.2d 385 (D.C.Cir.1983).

■ The Court first finds that plaintiff Koch's claim for assault is not cognizable under the FTCA. Section 2680(h) of Title 28 explicitly excludes "any claim arising out of assault." Therefore, plaintiff Koch's claim for assault will be dismissed because this Court lacks jurisdiction over that claim.

■ Plaintiff Koch's claim for intentional infliction of emotional distress is not explicitly excluded from the FTCA, *Santiago–Ramirez v. Secretary of the Dep't of Defense*, 984 F.2d 16, 20 (1st Cir.1993), and therefore will be discussed at more length than his claim for assault. Although "intentional infliction of emotional distress" is not enumerated in section 2680(h) of the FTCA as a tort for which sovereign immunity has not been waived, that section does exclude from coverage "any claim *arising out of*" any of the enumerated torts. Therefore, any claim "arising out of" a claim of assault is also barred, even if it is not explicitly titled as an "assault." To determine whether an "arising out of" claim is excluded by § 2680, the Court must examine the actual conduct upon which plaintiff Koch bases his claim for intentional infliction of emotional distress. *See Truman v. United States*, 26 F.3d 592, 594 (5th Cir.1994); *Sheehan v. United States*, 896 F.2d 1168 (9th Cir.1990). If that alleged conduct constitutes a tort listed in § 2680, then this Court has no jurisdiction to hear the claim of intentional infliction of emotional distress. "In contrast, if a plaintiff bases a claim on conduct that does not constitute a claim 'arising out of' a tort specified in § 2680(h), then the plaintiff's suit is not barred." *Truman*, 26 F.3d at 595.

■ In this case, the alleged conduct could only be fairly characterized as an assault. In the District of Columbia, an assault is defined as "an intentional and unlawful attempt or threat, either by words or acts, to do physical harm to the plaintiff." *Holder v. District of Columbia*, 700 A.2d 738, 741 (D.C.1997). Plaintiff Koch's primary factual allegations are that deMichaelis approached him, shouted at him, pointed his finger at him, and threatened him with legal action. DeMichaelis' actions "put the plaintiff in fear of being struck or pushed physically by the defendant." Compl. ¶ 5. Although plaintiff Koch does include other allegations about a "chilling and threatening atmosphere in the workplace," those allegations all stem from the original allegations of assault.

Furthermore, plaintiff Koch's claims are entirely dissimilar to those cases where

courts have permitted plaintiffs to proceed with FTCA intentional infliction of emotion distress claims. *See Sabow v. United States*, 93 F.3d 1445 (9th Cir.1996) (permitting plaintiff to proceed with intentional infliction of emotional distress founded upon plaintiff's claim of extreme and outrageous conduct which could not be characterized as assault or any other excluded intentional tort); *Truman*, 26 F.3d at 595 (permitting plaintiff to proceed with intentional infliction of emotional distress claim founded upon plaintiff's claim of sexual harassment); *Sheehan*, 896 F.2d at 1173 (same).

For the reasons given in the foregoing analysis, neither claim by plaintiff Koch is cognizable under the FTCA, and this Court therefore has no jurisdiction to hear those claims. Defendant's motion to dismiss will be granted.

██ Moreover, even were the Court to find that plaintiff Koch's claims were cognizable under the FTCA, the Court would still not have jurisdiction to hear those claims because plaintiff Koch has failed to demonstrate that he exhausted his administrative remedies. This requirement is set forth in 28 U.S.C. 2675(a), which states in part that "an action shall not be instituted upon a claim against the United States for damages ... or personal injury ... caused by ... any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency ... and [been] denied." Plaintiff Koch has submitted a series of electronic communications to and from his immediate supervisors, but those communications do not constitute a formal presentation of grievance to the SEC. In addition to those communications, plaintiff Koch has submitted a Report of Investigation of the alleged incident, conducted by the Office of the Inspector General. This investigation does not suffice to

meet the statutory requirement of exhaustion because it is unclear whether this report was ever presented to the SEC, and there is no denial of relief by the agency. The author of the report gave the following summation at the conclusion of the report:

> We obtained contrasting versions of the April 7th incident from Mr. Koch and Mr. deMichaelis. There are no other witnesses to the incident. The policy of this Office is not to make credibility determinations, but rather to report the facts in a neutral manner and allow management to make its own credibility determinations. Therefore, I recommend that you provide a copy of this report to the Director of the Division of Investment Management, the Associate Executive Director for Administrative and Personnel Management, the Associate General Counsel for Litigation and Administrative Practice and the Ethics Counsel.

Notice of Removal of a Civil Action, Exhibit 1 (Complaint) at 8. Obviously, there were further steps that plaintiff Koch might have pursued after the presentation of this report, but he failed to do so. It is clear from the record now before the Court that plaintiff Koch failed to adequately present his grievance to the SEC and was never formally denied relief by the agency. Accordingly, even if plaintiff Koch's claims were cognizable under the FTCA, this Court would still lack jurisdiction over his claims.

## III. Conclusion

The Court finds that Jeremiah deMichaelis was acting within the scope of his employment, and therefore substitutes the United States as the sole defendant and dismisses Jeremiah deMichaelis from this case. In the Court's determination of the scope of employment, it is clear that there is no genuine dispute of material fact, so

neither discovery nor an evidentiary hearing is warranted. The Court also finds that plaintiff Koch's claims for assault and intentional infliction of emotional distress against the United States are not cognizable under the FTCA because there is no waiver of sovereign immunity for those claims, and so the Court lacks jurisdiction to hear those claims.

Accordingly, the Court will grant defendant's motion to dismiss and will deny plaintiff Koch's motion for discovery. A separate Order accompanying this Memorandum Opinion will issue this day.

### ORDER

For the reasons stated in the Memorandum Opinion issued this day, the Court hereby GRANTS defendant's Motion to Dismiss [5] and DENIES plaintiff's Motion for Discovery [18].

This case shall stand DISMISSED for lack of jurisdiction.

SO ORDERED.