**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-60379
Summary Calendar
_____

SAKS, INC.,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA, et al.,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:05-CV-00019-HTW-JCS
--------------------

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant, Saks, Inc., sued the United States of America under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346 and § 2671. Saks claimed that the United States was liable because of its failure to supervise a United States postal employee, Ray Tommy Barnes, who conspired with a Saks employee, Henry Earl Johnson, to effectuate a scheme to divert money from Saks. Under this scheme, when Saks entrusted company checks to Johnson to prepay its postal account, Johnson delivered the checks to Barnes. Barnes, in turn, applied only a portion of the money to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the prepaid postal account; the remainder flowed to Johnson and Barnes.  According to Saks, the United States was negligent in its supervision of Barnes, as it failed to account for the lost money in its internal audits or day-to-day tallies on incoming funds. Further, it posits, the United States, "in effect sponsored the conversion of its customer's funds."

After Saks filed suit in district court, the United States moved to dismiss the claim based on Rule 12(b)(1) of the Federal Rules of Civil Procedure, i.e., that the district court lacked subject matter jurisdiction over the suit.  Namely, the United States asserted that the suit fell within the exception to the FTCA's waiver of sovereign immunity for "any claim arising out of misrepresentation."  28 U.S.C. § 2680(h).  The district court granted the defendant's motion.  We review the dismissal of a complaint under 2680(h) de novo.  Truman v. United States, 26 F.3d 592, 593 (5th Cir. 1994).

Under the doctrine of sovereign immunity, one may not sue the United States without its permission.  United States v. Mitchell, 463 U.S. 206, 212 (1983); the existence of consent is a prerequisite for jurisdiction.  U.S. v. Navajo Nation, 537 U.S. 488 (2003).  Waivers of sovereign immunity should be strictly construed, and we must resolve all ambiguities in favor of the sovereign.  U.S. Dep't of Energy v. Ohio, 503 U.S. 607 (1992).

The FTCA constitutes a limited waiver of sovereign immunity. United States v. Orleans, 425 U.S. 807, 813 (1976).  The waiver is

limited in that Congress has carved out exceptions, i.e., it has declared that the United States' sovereign immunity is still preserved as to certain torts. Dolan v. U.S. Postal Service, 126 S.Ct. 1252, 1256 (2006). Some such tort claims that are excepted are those "arising out of misrepresentation or deceit." See 28 U.S.C. § 2680(h)(emphasis added).

The ultimate question in this case is whether Saks' claim against the United States "arises out of misrepresentation or deceit." We find that it does and therefore is excepted from the FTCA's waiver of sovereign immunity. Although Saks frames its claim as one of negligent supervision and training, its claim arises out of the misrepresentation and deceit of Barnes. See United States v. Shearer, 473 U.S. 52, 55-56 (explaining that 2680(h) bars not only claims for intentional torts but also claims for negligence of government employees in facilitating or not preventing them)(plurality); Leleux v. United States, 178 F.3d 750, 756-59 (5th Cir. 1999)(the government's failure to prevent plaintiff's injury was not sufficiently distinct from the intentional tort at issue and therefore, arose out it). See also Bor-Son Bldg. Corp. v. Heller, 572 F.2d 174, 178 (8th Cir. 1978)("Even if a claim purports to be grounded in theories other than misrepresentation, the exception set out in 28 U.S.C. § 2680(h) bars the action if deceit or misrepresentation is a factor relied upon to maintain the suit.").

Because this claim is excepted from the waiver of sovereign immunity, it is barred, and the district court correctly dismissed it for lack of subject matter jurisdiction. <u>Atorie Air, Inc. v. F.A.A. of U.S. Dept. of Transp.</u>, 942 F.2d 954, 958 (1991). Therefore, we affirm the judgment of the district court.