# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **KEVIN HARGROVE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No. 08-743 (RWR)** |
| ) | |
| **BERNARD GOODING** *et al.,* ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff Kevin Hargrove filed a pro se complaint against the Court Services and Offender Supervision Agency ("CSOSA"), a federal agency, and several CSOSA employees asserting tort claims for intentional infliction of emotional distress and negligence.[1] The federal defendants have filed a motion to dismiss the complaint arguing that this court lacks jurisdiction over this matter because the plaintiff did not exhaust his administrative remedies before filing suit. The plaintiff filed an opposition, but did not address the merits of the motion. Because Hargrove did not exhaust his administrative remedies, the complaint will be dismissed without prejudice for lack of subject matter jurisdiction.

Hargrove alleges that, in the face of strong evidence to the contrary and Hargrove's opposition, a CSOSA employee, Bernard Gooding, knowingly used inaccurate information to create a document stating that Hargrove "reports previously experiencing psychosis due to chronic PCP usage." Compl. Ex. 1; *see also id.* at 4-5. The complaint also alleges that Gooding

---

[1] Hargrove also named the District of Columbia as a defendant, but it was dismissed as a defendant by order dated September 4, 2008.

required Hargrove to sign the allegedly false and misleading document, which Hargrove signed only under duress. *Id.* at 5. As a result, Hargrove was required to complete 28 to 120 days of residential substance abuse treatment. *Id.*, Ex. 1. The complaint also alleges, with documentary support, that other individual defendants knew, or had good reason to know, that Gooding's statement about Hargrove's chronic PCP use was unsubstantiated. The claims against the other individual defendants are based on a failure to correct Gooding's allegedly inaccurate document and unjustified treatment requirement, or a failure to properly train and supervise Gooding. *Id.* 6-7. Hargrove did not administratively exhaust his claims before filing this suit. *See* Fed. Defs.' Mot. to Dismiss, Decl. of Gregory Smith.

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-80, with its waiver of the United States' sovereign immunity with regard to some torts, provides the only possible right of action for the tort claims Hargrove asserts. *Totten v. Norton,* 421 F. Supp. 2d 115, 122 (D.D.C. 2006) ("[N]egligence and intentional infliction of emotional distress are tort claims, and the only possible jurisdictional basis for tort claims against a federal agency is the Federal Tort Claims Act[.]"); *see also Koch v. United States,* 209 F. Supp. 2d 89, 94 (D.D.C. 2002) (noting that a "claim for intentional infliction of emotional distress is not explicitly excluded from the FTCA" by 28 U.S.C. § 2680(h)). The FTCA provides that an action against the United States is the exclusive remedy in personal injury cases arising from the negligence of federal employees acting within the scope of their employment. 28 U.S.C. § 2679(b)(1). Here, the United States Attorney General, through his designee, has certified that the individuals Hargrove named as defendants were acting within the scope of their federal

employment. *See* Fed. Defs.' Mot. to Dismiss, Certification of Rudolph Contreras. Thus, the United States is to be substituted as the sole defendant. 28 U.S.C. § 2679(d)(1).

The FTCA requires plaintiffs to exhaust their administrative remedies by first presenting their claims to the appropriate federal agency before instituting a civil action, *see* 28 U.S.C. § 2675(a), and to present the claim within two years of the date of the injury. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate federal agency within two years after such claim accrues[.]"). Moreover, "'this administrative exhaustion requirement is a jurisdictional prerequisite[.]'" *Hill v. United States,* 562 F. Supp. 2d 131, 134 (D.D.C. 2008) (quoting *Hayes v. United States,* 539 F. Supp. 2d 393, 398-99 (D.D.C. 2008)). Since Hargrove did not administratively exhaust his tort claims against CSOSA and its employees before filing this action, this court does not have jurisdiction to hear this FTCA suit, and the complaint must be dismissed for lack of subject matter jurisdiction.

However, where, as here, the United States is substituted as the defendant and the case must be dismissed for failure to exhaust administrative remedies, the plaintiff has an additional sixty days after the court case is dismissed to file an administrative claim with the appropriate agency, if the original lawsuit was commenced within the two year time period allowed for filing a claim. *See* 28 U.S.C. § 2679(d)(5).[2] The complaint reflects that Hargrove's injury dates from

---

[2] 28 U.S.C. § 2679(d)(5) provides that:
Whenever an action or proceeding in which the United States is substituted as a party defendant under this subsection is dismissed for failure first to present a claim pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if-
(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

June 26, 2006, and that he submitted this lawsuit for filing on March 31, 2008, before the end of the two years allowed for filing an administrative claim under the FTCA. Because this court must dismiss this suit, Hargrove has sixty days from the date of the order that accompanies this memorandum opinion to file an administrative FTCA claim with the General Counsel of CSOSA. If Hargrove does not file a written administrative claim with the General Counsel of CSOSA within that time, his claim will be "forever barred." 28 U.S.C. § 2401(b).

For the reasons stated, this complaint will be dismissed without prejudice for lack of subject matter jurisdiction. A separate order accompanies this memorandum opinion.

SIGNED this 14th day of May, 2010.

_____/s/_____
RICHARD W. ROBERTS
United States District Judge

---

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the civil action.