United States Court of Appeals
Fifth Circuit

**F I L E D**

December 20, 2005

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

—————————————

No. 04-30930

—————————————

MARK CROSS, ET AL.,

                                                        Plaintiffs-Appellants,

versus

UNITED STATES OF AMERICA, ET AL.,

                                                        Defendant-Appellee.

—————————————————————————————

Appeal from the United States District Court
for the Western District of Louisiana
(No. 2: 01-CV-1478-PM)

—————————————————————————————

Before BARKSDALE and CLEMENT, Circuit Judges, and ENGELHARDT, District Judge.[*]

 PER CURIAM:[**]

    On March 30, 1999, at approximately 3:00 a.m., Ginger Cross was driving in her car,

———————————————

    [*]District Judge of the Eastern District of Louisiana, sitting by designation.

    [**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

delivering newspapers on a public road in Alexandria, Louisiana.[1] The road is located on the grounds of a civilian airport and located near the U. S. Army Joint Readiness Training Center's Intermediate Staging Base ("ISB"). Four soldiers stopped Cross because they mistakenly thought that she was a participant in a military training exercise. The soldiers ordered Cross out of the car, but she refused, instead providing the soldiers with her drivers license. After a short period of questioning, the soldiers determined Cross was not part of the training exercise and released her.[2]

After filing an administrative complaint with the Army, Cross and her husband, individually and on behalf of their minor children, filed suit against the United States on August 6, 2001. Cross put forth a claim for deprivation of her civil rights pursuant to 42 U.S.C. § 1983; a claim for deprivation of her state and federal constitutional rights to substantive and procedural due process; and claims of negligence and intentional tort, including claims for intentional infliction of emotional distress ("IIED"), false imprisonment, and assault. She sought damages including punitive damages and prejudgment interest.

The district court dismissed all claims except for false imprisonment, assault, IIED, and negligence. After amending its answer to include the defense of the discretionary function exception to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2680(a), the government filed a motion to dismiss for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1). It argued that the FTCA's law enforcement proviso, 28 U.S.C. § 2680(h), which abrogates sovereign immunity, was

---

[1]The parties give different, but not inconsistent, reports of when the relevant events occurred. Cross claims it was "at about 3:00 a.m.," while the government states that it was "sometime after 1:30 a.m."

[2] Cross claims she was detained for fifteen to twenty minutes. The government claims the incident lasted between five and ten minutes.

2

inapplicable because the soldiers were operating in an "area security" or "combat" function and not an investigative or law enforcement capacity. The government also argued that any remaining negligence claims were barred by sovereign immunity because the claims arose out of alleged intentional torts of assault and battery. Finally, in the alternative, it argued that the military officials who ordered the soldiers to conduct the training exercise outside of the ISB were exercising a discretionary function and that, therefore, the claims were barred by sovereign immunity. 28 U.S.C. § 2680(a).

The district court held that it lacked subject matter jurisdiction to hear Cross's claims. It found that the soldiers were not acting in a law enforcement capacity, and that the law enforcement proviso to the FTCA was inapplicable to the claims for intentional torts. It concluded that it had no jurisdiction over the false imprisonment or assault claims. The district court also ruled that because the IIED and negligence claims arose out of the arrest and false imprisonment intentional tort claims, they also were barred by sovereign immunity. The court held in the alternative that it was without subject matter jurisdiction to hear any of the claims pursuant to the discretionary function exception because the Army had the discretion to order the soldiers outside of the ISB during a military exercise and that this decision implicated policy considerations. The district court dismissed Cross's claims with prejudice for lack of jurisdiction.

Cross moved for reconsideration and relief from judgment pursuant to FED. R. CIV. P. 59 and 60. The district court denied the motion on July 15, 2004. Cross timely appealed.

**DISCUSSION**

**A. Standard of Review**

3

We review the district court's dismissal for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1) *de novo*, under the same standard used by the district court. *Truman v. United States*, 26 F.3d 592, 593 (5th Cir. 1994); *Benton v. United States*, 960 F.2d 19, 21 (5th Cir. 1992). "[W]e accept the well-pleaded allegations in the complaint as true, and we construe those allegations in the light most favorable to the plaintiff." *Truman*, 26 F.3d at 594.

## B. Sovereign Immunity

The United States has sovereign immunity from suit except when it waives this immunity by consent. *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA provides consent for suit against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1).

Several exceptions limit the waiver of immunity under the FTCA. The exception applicable in this case, the intentional tort exception, provides that the FTCA does not apply to "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h).

*United States v. Shearer* held that a plaintiff cannot avoid the reach of § 2680(h) by framing a complaint in terms of a tort not covered by the exception when the underlying government conduct is covered by the exception. 473 U.S. 52, 55 (1985) (holding that the federal courts have no jurisdiction to hear a claim for negligent supervision of a government employee who committed battery). While this holding did not garner majority support in *Shearer*, it has been consistently applied in this circuit. *See Garcia v. United States*, 776 F.2d 116, 118 (5th Cir. 1985) (holding that

4

the federal courts have no jurisdiction to hear a claim for negligent supervision of a government employee who committed sexual assault); *Truman,* 26 F.3d at 593 (5th Cir. 1994) (holding that federal co urts have jurisdiction where the claim did not derive from conduct specifically excluded from the reach of the FTCA by § 2680(h)). "Section 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery." *Shearer*, 473 U.S. at 55. Therefore, claims that stem from an assault or battery committed by a government employee are banned under § 2680(h). *Id*. *See also Sheridan v. United States*, 487 U.S. 392, 400–01 (1988) (holding that the exception only applies to claims "arising out of" assaults committed by government employees within the scope of their employment and does not apply where the underlying conduct was committed by civilians or off-duty government employees).

"To determine whether a claim is one 'arising out of' any of [the torts enumerated in § 2680(h)], we focus on the conduct upon which the plaintiff's claim is based." *Truman*, 26 F.3d at 594. If the conduct alleged by Cross "arises out of" the assault or battery of a government employee, the federal courts have no jurisdiction to hear her claims. *Id*. Cross asserts claims for false imprisonment, assault, IIED, and negligence. The false imprisonment and assault claims are clearly excluded from the FTCA. Therefore, we need only consider the IIED and negligence claims.

Cross argues that the commanding officers' negligent failure to notify the soldiers that civilians would be present during their training exercise is an allegation separate from the allegations of assault. However, no recasting of Cross's claim can alter the fact that the assault was the immediate cause of Cross's claim. *See Shearer*, 473 U.S. at 54 (declining to find jurisdiction for a claim that the Army was negligent because it failed to warn other soldiers that a dangerous soldier was at large). The negligence claim "arises out of" assault and, therefore, the United States has not

5

waived its sovereign immunity with respect to this claim and this court has no jurisdiction to hear this claim.

In addition, Cross's IIED "arises out of" the alleged assault. As noted in *Truman*, "[a] claim for the tort of assault is stated if (1) a person acts intending to cause an imminent apprehension in another person of harmful or offensive contact, and (2) the other person is thereby put in such imminent apprehension." 26 F.3d at 596 (citing RESTATEMENT (SECOND) OF TORTS § 21). In this case, Cross's emotional distress derives from imminent apprehension of harmful or offensive contact and, therefore, her claim derives from the underlying assault. *Cf. id.* (holding that jurisdiction exists where the underlying conduct is sexual harassment because the harassment did not lead to the imminent apprehension of harmful or offensive contact). Therefore, the United States also has not waived its sovereign immunity with respect to Cross's IIED claim.

## C. Law Enforcement Proviso

The intentional tort exception to the FTCA contains a law enforcement proviso, which provides that sovereign immunity is waived for "acts or omissions of investigative or law enforcement officers of the United States Government." 28 U.S.C. § 2680(h). The term "investigative or law enforcement officer" is defined as "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id.*

Cross argues that because the soldiers were acting in a law enforcement capacity this proviso applies and, therefore, the district court had jurisdiction over her claim. The soldiers involved in the incident were members of the military police, and possessed the power to enforce law and order on the military base. However, when the soldiers stopped Cross during their training exercise, they were not acting in a law enforcement capacity. When not acting as law enforcement, the soldiers are not

6

considered as law enforcement officers for the purposes of the FTCA. *See Employers Ins. of Wausau v. United States*, 815 F. Supp. 255, 259 (N.D. Ill. 1993) ("[T]he fair reading of Section 2680(h) proviso is that even if the FTCA action for such intentional torts is not based on an actual search or seizure of evidence or arrest, it must at minimum charge the government with wrongdoing based on 'acts or omissions of investigative or law enforcement officers' *while they are engaged in investigative or law enforcement activities*."). Rather, they were involved in a training exercise in which they were securing the ISB from notional terrorists. As outlined in an affidavit from Sergeant First Class Daniel Burton, this "area security" function is not unique to the military police and is performed by other military units as well. Therefore, although the soldiers would be considered "law enforcement officers" when acting in an investigative capacity on base, at the moment they stopped Cross, they were acting in a security capacity. Because security is a combat and not investigative function, at the time Cross was stopped the soldiers were not acting as law enforcement officers under § 2680(h) and the law enforcement exception does not apply.

Because, under the FTCA, there is no waiver of sovereign immunity, we need not consider whether conducting the training exercises on the outskirts of the ISB was an exercise of a discretionary function.

## C. Motion for Reconsideration

Following the district court's judgment, Cross filed a motion for a new trial, reconsideration or relief from judgment pursuant to FED. R. CIV. P. 59 and 60. In particular, she challenged the district court's refusal to consider her supplemental complaint. The supplemental complaint was timely filed, but deficient in that Cross failed to declare that the United States had no objection to it in her cover letter. She was instructed to file a corrected letter within ten days. However, before the ten days

7

elapsed and Cross filed a corrected cover letter, the district court ruled that it lacked subject matter jurisdiction over the case. In the district court ruling denying Cross's motion for reconsideration, it notes that the court never expressly granted Cross leave to file a supplemental complaint. In addition, Cross was aware that a summary judgment motion was pending before the court and once the deadline for the summary judgment briefs had passed, a decision could be rendered at any time.

Motions for reconsideration "are directed to the sound discretion of the district court, and the district court's denial of relief will be set aside on appeal only for an abuse of discretion." *Crutcher v. Aetna Life Ins. Co.*, 746 F.2d 1076, 1082 (5th Cir. 1984). The district court's denial of relief will be set aside on appeal only for an abuse of discretion. *Id*. Among the factors to consider are whether the movant had a fair opportunity to present his claim. *See id*. (delineating the factors that should inform a district court's consideration of a motion for reconsideration) (citing *United States v. Gould*, 301 F.2d 353, 355–56 (5th Cir. 1962)). Cross had ample opportunity to present her claim and, because the merits of her motion do not outweigh the interest in the finality of judgments, we affirm the district court's denial of her motion. *See id.*

## CONCLUSION

Because the district court properly found that it lacked subject jurisdiction over Cross's claim and because the district court properly denied Cross's motion for reconsideration, we AFFIRM the judgment of the district court.