# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2010

No. 09-10375

Lyle W. Cayce
Clerk

KAMAL K PATEL,

Plaintiff–Appellant

v.

UNITED STATES OF AMERICA,

Defendant–Appellee

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-cv-00680-Y

Before JONES, Chief Judge, PRADO, Circuit Judge, and O'CONNOR,[*] District Judge.

PER CURIAM:[**]

Kamal K. Patel, *pro se*, appeals the district court's dismissal of his suit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80.[1]

---

[*] District Judge of the Northern District of Texas, sitting by designation.

[**] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Although the district court characterized its order as a grant of the Government's motion for summary judgment, the appropriate course of action was to dismiss Patel's case. A grant of summary judgment is a resolution of a case on the merits, which cannot be accomplished by a court lacking subject matter jurisdiction. *See Stanley v. Cent. Intelligence*

No. 09-10375

Patel filed a complaint alleging that Bureau of Prison ("BOP") officials violated their own policy statements when they transferred him to various federal prison facilities that did not have the necessary equipment to treat his medical conditions. The district court for the Northern District of Texas held that the discretionary function exception to the FTCA deprived it of subject matter jurisdiction.

On appeal, Patel argues that BOP officials violated non-discretionary BOP regulations, and thus the discretionary function exception cannot shield them from FTCA liability. He also contends that the district court for the Northern District of Texas (1) erred by failing to consider actions by BOP officials occurring more than two years before his administrative tort claim; (2) abused its discretion by denying his request for appointment of counsel as untimely; (3) abused its discretion by failing to impose sanctions on the Government; and (4) abused its discretion by preventing him from filing certain motions. Patel also argues that the district court for the Eastern District of North Carolina lacked jurisdiction to transfer his case to the Northern District of Texas.

Because the BOP decisions to transfer Patel involved "an element of judgment or choice," *United States v. Gaubert*, 499 U.S. 315, 322 (1991) (citation omitted), the district court did not err by finding that the discretionary function exception barred Patel's FTCA suit. Likewise, Patel's additional arguments lack merit. Accordingly, we affirm the district court's dismissal.

---

*Agency*, 639 F.2d 1146, 1157 (5th Cir. 1981) (citation omitted). The district court, however, did not use any summary judgment evidence, nor did it discuss whether a genuine issue of material fact existed. We thus hold that this error was harmless and apply the standards for review of a dismissal for lack of subject matter jurisdiction. *See Capozzoli v. Tracey*, 663 F.2d 654, 657 n.2 (5th Cir. 1981) (finding a district court's erroneous grant of a motion for summary judgment in an FTCA case based on lack of jurisdiction did not affect the outcome) (citation omitted).

No. 09-10375

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A.    Factual Background as Alleged by Patel

While incarcerated at Federal Medical Center ("FMC") Fort Worth in 1998, Patel was diagnosed with a herniated disc in his neck and prescribed physical therapy consisting of cervical traction. Before his physical therapy began, BOP officials transferred Patel to a different prison,[2] which did not have a cervical traction device. Later, while awaiting an MRI and an appointment with a specialist at Federal Corrections Institute ("FCI") El Reno, BOP officials again transferred Patel, this time to Federal Transfer Center ("FTC") Oklahoma City. Pursuant to both transfers, BOP officials listed Patel's medical status as "good."

In 2001, while incarcerated at FTC Oklahoma City, Patel ruptured his bicep tendon, and an orthopedic surgeon subsequently recommended that Patel receive an MRI followed by surgery within sixty days of the date of the rupture. Three days after this recommendation, BOP officials transferred Patel from FTC Oklahoma City to FCI Bastrop. BOP officials included a medical status report in Patel's transfer papers which stated that Patel had no medical restrictions. As a result of the transfer, Patel's surgery was delayed to the point where it was no longer possible to repair the ruptured tendon.

BOP officials next transferred Patel from FCI Bastrop to FCI Beaumont, where specialists diagnosed Patel with a compressed nerve in his spine and recommended an epidural injection. Prior to the epidural, Patel was transferred to FCI Big Spring. While at FCI Big Spring, Patel cooperated with the Department of Justice's Office of Inspector General ("OIG") as the OIG conducted investigations into BOP violations of the USA PATRIOT Act. Patel was transferred again, this time to FCI Forrest City. The OIG determined that the transfer to FCI Forrest City was in retaliation for Patel's participation in the

---

[2] It is unclear from Patel's brief whether this "different prison" was FCI El Reno.

OIG's investigation. At FCI Forrest City, medical staff concluded that they did not have the resources to provide Patel with the medical care he needed.

## B.    Procedural Background

In February 2005, Patel filed an FTCA claim in the Northern District of Texas challenging the BOP officials' decisions to repeatedly transfer him, alleging that the facilities he arrived at did not have the equipment necessary to treat his maladies. At the time he filed his complaint, Patel remained incarcerated at FCI Forrest City, in Arkansas. The Government filed a motion to dismiss, arguing that Patel failed to file his administrative tort claim within the FTCA's two-year statute-of-limitations period. In doing so, the Government construed Patel's complaint as one alleging the negligent provision of medical services. Patel responded that he only alleged negligence in the BOP's transfer decisions and in failing to provide for his care and safe keeping. The district court granted in part and denied in part the Government's motion, finding that Patel filed a timely FTCA claim but holding that Patel could only recover damages occurring two years prior to the June 22, 2004 filing of his administrative tort claim.

The Government subsequently filed a motion for summary judgment, arguing that Patel failed to provide expert medical testimony to support his claims, and he therefore could not prove either the essential elements of a medical malpractice claim or one for ordinary negligence. In support, the Government submitted the declaration of the Clinical Director at FCI Forrest City (the "Clinical Director") and a report prepared by Dr. F. Gregory Wolf, who indicated that he conducted a physical examination of Patel. Patel again emphasized that he only challenged the BOP's transfer decisions, and filed a motion for sanctions under Federal Rules of Civil Procedure 11 and 56(g), contending that the Clinical Director's declaration was inconsistent with statements that the Clinical Director included in a previous "Medical/Surgical

and Psychiatric Referral Request" (the "Referral Request"). Patel also filed a motion to strike Dr. Wolf's report, arguing that the Government improperly subjected him to a physical examination for purposes of litigation without obtaining court approval under Federal Rule of Civil Procedure 35.

The district court denied both the Government's motion for summary judgment and Patel's motion for sanctions. The district court rejected the Government's explanations for the inconsistencies between the Clinical Director's declaration and the Referral Request, but declined to impose sanctions after finding the record insufficient to determine which document was false. Despite this denial, the district court ordered that a copy of its order be provided to the director of the BOP. The district court also held that the motion to strike was moot because it had denied the Government's motion for summary judgment, but warned the Government not to rely on Dr. Wolf's report during the remainder of the litigation. Patel then filed a second motion for sanctions, which the district court denied.

In 2006, the district court transferred Patel's case to the Eastern District of Arkansas because (1) Patel was currently incarcerated in Arkansas at the time; (2) three related claims remained pending in Arkansas; (3) the Government failed to transport Patel and other incarcerated witnesses to trial in Texas; and (4) the district court opined that counsel would likely need to be appointed in both Texas and Arkansas, and it would be more efficient to appoint the same attorney for all the related cases. The district court for the Eastern District of Arkansas appointed an attorney for Patel and consolidated his case with a factually-related case seeking injunctive relief, but, in 2007, transferred the consolidated cases to the Eastern District of North Carolina after BOP officials transferred Patel to a correctional facility there. Patel's Arkansas-licensed attorney withdrew as counsel, and the district court for the Eastern District of North Carolina ordered the North Carolina Prisoner Legal Services

Inc. ("NCPLS") to determine whether Patel required appointed counsel. The NCPLS opined that Patel did not need an attorney, and the district court for the Eastern District of North Carolina denied Patel's request to appoint one.

In April 2008, the Government filed a motion to dismiss Patel's case for lack of subject matter jurisdiction or, in the alternative, for summary judgment, arguing that the district court had no jurisdiction to hear Patel's case under the discretionary function exception to the FTCA. The district court for the Eastern District of North Carolina did not rule on the Government's motion, but entered a scheduling order stating that "all motions of any nature (except those relating to the admissibility of evidence at trial), must be filed by April 7, 2008. Untimely motions may be summarily disregard[ed]." Despite filing eleven additional motions before the April 7 deadline, Patel failed to file an additional motion to appoint counsel until August 29, 2008.

Patel subsequently filed several motions seeking to transfer his case out of the Eastern District of North Carolina, and a motion to sever the FTCA and injunctive relief claims. In November 2008, the district court for the Eastern District of North Carolina transferred Patel's consolidated case back to the Northern District of Texas because (1) Patel had been transferred out of North Carolina to Pennsylvania, (2) Patel's cause of action arose in the Northern District of Texas, and (3) the documents necessary for the case were located in Texas. At that time, Patel had filed at least thirty-five pending motions, two of which sought to reinstate his previously-filed motion for sanctions. In December 2008, the district court for the Northern District of Texas granted the Government's motion for summary judgment as to all of Patel's claims seeking injunctive relief,[3] imposed a deadline for filing motions, disregarded all untimely motions under the Eastern District of North Carolina's scheduling order, and

---

[3] Patel does not appeal this ruling.

limited the parties to filing motions regarding the discretionary function exception's effect on Patel's FTCA claim. One of these disregarded motions was Patel's untimely motion for appointment of counsel.

After additional briefing by the parties, the district court granted the Government's motion for summary judgment as to Patel's FTCA case, effectively dismissing Patel's case for lack of subject matter jurisdiction based on the discretionary function exception to the FTCA. Patel timely appealed.

## II. ANALYSIS

Patel's primary argument is that the district court erred by dismissing his suit pursuant to the discretionary function exception to the FTCA. Additionally, Patel argues that the district court erred by limiting its consideration of the BOP officials' actions to those occurring within two years before he filed his administrative tort claim. Next, Patel contends that the district court abused its discretion by denying, as untimely, his motion for appointment of counsel. Patel also argues that the district court abused its discretion by failing to impose sanctions on the Government for filing a false declaration and submitting him to a physical examination for purposes of litigation without securing leave of the court. Patel next contends that the district court abused its discretion by preventing him from filing certain motions. Finally, Patel argues that the district court for the Eastern District of North Carolina had no jurisdiction to transfer his case to the Northern District of Texas, and therefore his case should be returned to the Eastern District of Arkansas. We address each argument in turn.

## A.    The FTCA's Discretionary Function Exception Bars Patel's Suit

We review *de novo* the district court's dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. *Freeman v. United States*, 556 F.3d 326, 334 (5th Cir.), *cert denied*, 130 S. Ct. 154 (2009). As we review the district court's motion to dismiss, we accept all of Patel's

factual allegations as true and consider whether his allegations state a claim sufficient to survive a Rule 12(b)(1) motion. *Gaubert*, 499 U.S. at 327.

The FTCA is a limited waiver of the United States' sovereign immunity, *see* 28 U.S.C. § 2679(b)(1), and we must strictly construe such waivers, resolving all ambiguities in favor of the sovereign. *See Lane v. Pena*, 518 U.S. 187, 192 (1996). The FTCA's discretionary function exception provides that sovereign immunity is not waived for any claim "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a federal agency or an employee of the Government, whether or not the discretion be abused." 28 U.S.C. § 2680(a).

We engage in a two-step analysis to determine whether the discretionary function exception applies. *Gaubert*, 499 U.S. at 322–23. We first ask whether the act "involv[es] an element of judgment or choice." *Id.* at 322 (citation omitted). If so, we then ask "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Id.* at 322–23 (citation omitted). The discretionary function exception does not apply if the challenged act exceeds the scope of the actor's authority as designated by statute or the Constitution. *See Sutton v. United States*, 819 F.2d 1289, 1293 (5th Cir. 1987).

### 1. Patel's Allegation that BOP Officials Violated His Constitutional Rights Fails to Defeat the Discretionary Function Exception

Patel first argues that BOP officials acted outside the scope of their official duties because the injuries they caused him by the transfers amounted to deliberate indifference in violation of the Eighth Amendment, and were driven by retaliation in violation of the First Amendment. Patel's argument fails, for two reasons. First, Patel relies heavily on *Castro v. United States*, 560 F.3d 381 (5th Cir. 2009), which has since been overturned by the *en banc* court. *See Castro v. United States*, No. 07-40416, 2010 WL 2183616 (5th Cir. June 2, 2010).

More significantly, only Patel's complaint, as supplemented by undisputed facts and resolved disputed facts, may be considered in a dismissal of a complaint for lack of subject matter jurisdiction. *See Freeman*, 556 F.3d at 334. Patel failed to allege a First Amendment retaliation claim in his complaint or administrative tort claim. Additionally, Patel's complaint does not demonstrate that the actions of the BOP officials rise to the level of deliberate indifference in violation of his Eighth Amendment rights. A prison official acts with deliberate indifference "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 839–40 (1994). During the years in question, Patel had been seen by numerous doctors, and at no point in his complaint or administrative tort claim did he contend that the BOP's placement decisions were made as an attempt to deny him medical care. *See Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991) (discussing an Eighth Amendment claim for deliberate indifference under 42 U.S.C. § 1983, and stating "[u]nsuccessful medical treatment does not give rise to a § 1983 cause of action . . . [,] [n]or does [m]ere negligence, neglect or medical malpractice") (citations omitted) (some alteration in original). We thus find that Patel has not sufficiently alleged a violation of any constitutional rights in his complaint or administrative tort claim.[4]

## 2.    The BOP Official's Transfer Decisions Involved an Element of Discretion

Patel also argues that BOP officials had no discretion to exclude medical information in his transfer documents. He alleges that the BOP officials either negligently or deliberately left information out of his transfer documents that

---

[4] Patel's additional argument that the discretionary function exception should not apply because BOP employees allegedly falsified information lacks merit. The FTCA explicitly excepts claims for misrepresentation and deceit. *See* 28 U.S.C. § 2680(h).

could have ensured that his transfer to a facility with the capacity to treat his medical conditions. Patel alleges that the BOP officials were bound by a policy statement to include his medical history with any transfer papers, and thus the BOP officials cannot be shielded by the FTCA's discretionary function exception.

The policy statement that Patel refers to states "[t]he following items on Request for Transfer/Application of Management Variable (EMS 409) *shall be* completed as described below: . . . (1) Include current, complete, and accurate available information concerning any medical problem that *might* affect designation." (emphases added). Patel argues that the word "shall" means that the BOP officials had no discretion to exclude "current, complete, and accurate information" about his medical issues. The Government responds that the clause reading "that might affect designation" confers upon the BOP discretion to determine which information would affect a transferred inmate's designation. The district court found that the word "might" implied that BOP officials requesting a transfer needed to use discretion in order to determine whether an inmate's medical issues were serious enough to affect the inmate's designation, and concluded that the discretionary function exception barred Patel's suit.

We agree with the district court. The Supreme Court has held that in order for the discretionary function exception to apply, the act must simply "involv[e] an *element* of judgment or choice." *Gaubert*, 499 U.S. at 322. (emphasis added) (alteration in original). Despite the policy statement's mandate that certain information "shall" be included, the directive includes an "element" of discretion; specifically, whether an inmate's medical condition is serious enough to "affect designation." Because we must strictly construe the FTCA's waiver of sovereign immunity in favor of the United States, *see Lane*, 518 U.S. at 192, we find that the first *Gaubert* step is satisfied.[5]

---

[5] Patel argues that the district court "ignored mandatory regulations pertaining to the requirements imposed to complete the BP-S149.060 form and the Progress Reports." After

We now ask "whether that judgment is of the kind that the discretionary function exception was designed to shield." *Gaubert*, 499 U.S. at 322–23. Our sister circuits have held that decisions regarding the transfers and classifications of prisoners generally fall within the discretionary function exception. *See*, *e.g.*, *Santana-Rosa v. United States*, 335 F.3d 39, 44 (1st Cir. 2003); *Cohen v. United States*, 151 F.3d 1338, 1343–44 (11th Cir. 1998). Using these cases as guideposts, we find that the judgment at issue in this case "is of the kind that the discretionary function exception was designed to shield," *Gaubert*, 499 U.S. at 322–23, and thus hold that the discretionary function exception bars Patel's FTCA claim.

### 3.    The Correct BOP Officials Effectuated Patel's Transfers

Patel also argues that BOP regulations mandate that a transfer involving any inmate who requires medical or psychiatric treatment can only be made by the Office of Medical Designations Transport ("OMDT") in Washington, DC, and that the discretionary function exception cannot apply because BOP officials at the regional offices made his transfer decisions. As demonstrated by the Government, however, routine, non-medical transfers "are submitted to the Regional Designator," and not the OMDT. Because Patel has not demonstrated that his transfers were anything other than routine, we find that the BOP officials did not violate any regulatory mandate when deciding to transfer him.[6]

---

reviewing these two documents, we conclude that the BOP did not violate any non-discretionary mandate contained in either. Likewise, his citation to 28 C.F.R. § 524.42 lacks merit. This regulation mandates that Progress Reports "shall include . . . institutional adjustment," which "*ordinarily* includes information on the inmate's . . . physical and mental health." *Id.* Thus, his argument that the regulation "leaves no room for discretion" fails.

[6] Patel's argument, raised for the first time in his reply brief, that his status as a CARE Level 3 inmate mandates that only the OMDT conduct his transfer decision, lacks merit. The regulations Patel cites were not in effect until 2006, and Patel provides no authority demonstrating that similar transfer restrictions existed during the years in which Patel alleges that BOP officials negligently transferred him.

**B.    Patel Was Limited to Recovering Damages for Claims Arising Within Two Years Before the Filing of His Administrative Tort Claim**

Patel next argues that the district court erred when it determined that it would not consider any incident occurring more than two years before he filed his administrative tort claim. He argues that the continuing tort doctrine should apply, which states that "the cause of action is not complete and does not accrue until the tortious acts have ceased." *Gen. Universal Sys., Inc. v. HAL, Inc.*, 500 F.3d 444, 451 (5th Cir. 2007) (citation and internal quotation marks omitted). The Texas Supreme Court has yet to endorse the continuing tort doctrine, *id.*, and we have not considered whether a plaintiff may use the doctrine to recover under the FTCA for injuries occurring more than two years before a plaintiff files an administrative tort claim.

Assuming, without deciding, that the district court erred by limiting consideration of the events at issue to the two years prior to Patel's filing of his administrative tort claim, we hold that Patel is not entitled to relief. Federal Rule of Civil Procedure 61 states that "[a]t every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights." Because the district court's examination of events occurring beyond the two year window prior to Patel's administrative tort claim would not affect the application of the discretionary function exception, we find that any alleged error by the district court would not affect Patel's substantial rights.

**C.    The District Court Did Not Abuse Its Discretion by Denying, as Untimely, Patel's Request for Appointment of Counsel**

Patel next argues that the district court for the Northern District of Texas abused its discretion by denying his request for counsel after the district court for the Eastern District of North Carolina transferred his case. While Patel's case remained pending before the Eastern District of North Carolina, the district court entered a scheduling order, stating that "all motions of any nature (except

12

those relating to the admissibility of evidence at trial), must be filed by April 7, 2008.  Untimely motions may be summarily disregard[ed]."  Patel failed to file his motion to appoint counsel until August 29, 2008, despite filing eleven additional motions before the April 7 deadline.  After the district court for the Eastern District of North Carolina transferred his case back to the Northern District of Texas, the district court for the Northern District of Texas dismissed all of Patel's motions filed after the Eastern District of North Carolina's scheduling deadline, including his motion for appointment of counsel.

"A civil rights complainant has no right to the automatic appointment of counsel"; as such, "[t]he trial court is not required to appoint counsel for an indigent plaintiff . . . unless the case presents exceptional circumstances." *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982) (internal citations omitted).  Additionally, "[t]he district court possesses the inherent power to control its docket." *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998).  Patel has not demonstrated why his "case presents exceptional circumstances," *Ulmer*, 691 F.2d at 212; instead, he simply accuses the Government of engaging in "many instances of misconduct" and directs us to the fact that the district court for the Eastern District of Arkansas briefly, and without analysis, appointed him counsel.

Upon transfer of his case to the Eastern District of North Carolina, the district court seriously considered Patel's request—going so far as to retain the advice of the NCPLS—before deciding not to appoint Patel counsel, and the district court for the Northern District of Texas was well within its discretion to enforce the deadline set by the Eastern District of North Carolina. We therefore find that the district court did not abuse its discretion when it denied as untimely Patel's motion for appointment of counsel.

No. 09-10375

## D.    The District Court Did Not Abuse Its Discretion by Denying Patel's Motion for Sanctions

Patel argues that the district court abused its discretion by denying his motion for sanctions after he demonstrated inconsistencies in the declaration prepared by the Clinical Director and the statements of the same Clinical Director included in the Referral Request.  Likewise, Patel argues that the district court abused its discretion by failing to order sanctions against the Government for conducting a physical examination of him without seeking leave of the court or informing him that the examination was in preparation for litigation.  We review the district court's denial of a motion for sanctions for abuse of discretion.  *Friends for Am. Free Enter. Ass'n v. Wal-Mart Stores, Inc.*, 284 F.3d 575, 577–78 (5th Cir. 2002).

Although the district court determined that the Clinical Director had provided false information in either the declaration or the referral request, it could not determine which document contained the false information.  Thus, the district court did not order sanctions, but instead ordered that the BOP director receive a copy of its ruling so that it could conduct an inquiry and take any appropriate action.  If the Clinical Director's declaration was true and his statements in the Referral Request false, the Government would not have violated Rule 11 because the Referral Request was not presented directly to the district court.  We thus find that the district court did not abuse its discretion by denying Patel's motion for sanctions on this ground.

As to his argument that the imposition of Dr. Wolf's physical examination warranted sanctions, it appears that Patel failed to file a motion for sanctions on this ground.  He did file a motion to strike the examination's resulting medical report, which the district court denied as moot after denying the Government's motion for summary judgment, noting that it would revisit the issue if the Government relied on the report at a later time.  Patel does not

14

contend, and the record does not reflect, that the Government ever relied on the report resulting from the physical examination after the district court's denial of summary judgment. We therefore find that the district court did not abuse its discretion by failing to sanction the Government.

**E.    The District Court Did Not Abuse its Discretion by Setting and Enforcing a Deadline After which Certain Motions Could Not Be Filed**

Patel argues that the district court for the Northern District of Texas abused its discretion by "imposing a sanction" against him without notice when it prevented him from filing any additional motions without first obtaining leave of the court. The district court, however, did not impose sanctions upon Patel; rather it enforced a scheduling order set by the district court for the Eastern District of North Carolina, which mandated that the parties file all motions by April 7, 2008.

Patel had over two months to file timely motions, and his argument that the district court failed to provide notice is belied by his renewed motion for sanctions against the Government, in which he stated he was filing on March 23, 2008 in an effort to comply with the district court's scheduling order. Additionally, Patel managed to file a total of eleven motions before the scheduling order's deadline. As noted above, "[t]he district court possesses the inherent power to control its docket." *Marinechance Shipping, Ltd.*, 143 F.3d at 218. We thus find that the district court for the Northern District of Texas did not abuse its discretion by enforcing a scheduling order deadline imposed by the district court for the Eastern District of North Carolina.

**F.    The Eastern District of North Carolina Did Not Err by Transferring Patel's Case to the Northern District of Texas**

Patel argues that the district court for the Eastern District of North Carolina erred by transferring his case to the Northern District of Texas because the district court for the Eastern District of North Carolina found that it lacked

15

subject matter jurisdiction.  Accordingly, Patel argues that it did not have the authority to change venue, and could therefore only return his case to the Eastern District of Arkansas.

Contrary to Patel's arguments, the district court for the Eastern District of North Carolina did not find that it lacked jurisdiction.  Rather, it responded to Patel's numerous motions to transfer his case.  Because "a district court may transfer any civil action to any other district or division where it might have been brought," 28 U.S.C. § 1404(a), and venue was appropriate in the Northern District of Texas because Patel's cause of action arose there, we find that the Eastern District of North Carolina did not err when it transferred his case to the Northern District of Texas.

## III.  CONCLUSION

The discretionary function exception bars Patel's FTCA suit.  Likewise, none of Patel's additional arguments suffice to demonstrate that any district court reversibly erred.  We therefore affirm the district court's dismissal of Patel's suit.

AFFIRMED.