# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 23, 2021

Lyle W. Cayce
Clerk

No. 19-40932

Bryan Kerr Dickson,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:14-CV-250

Before King, Higginson, and Wilson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Plaintiff-Appellant Bryan Kerr Dickson, a former prisoner at the United States Penitentiary in Beaumont, Texas ("USP Beaumont"), filed suit, pro se, against the United States under the Federal Tort Claims Act ("FTCA"), asserting both negligence and intentional tort claims.[1] He alleges

---

[1] In the district court, Dickson expressly disavowed that he was pursuing constitutional claims pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Therefore, although Dickson appears to assert constitutional claims in his appellate brief, we decline to consider them. *See In re Deepwater Horizon*, 857 F.3d 246, 251 (5th Cir. 2017) ("[A]rguments not raised before the district

No. 19-40932

that Bureau of Prisons ("BOP") officials caused him a variety of harm while he was incarcerated at USP Beaumont. The district court dismissed both his negligence and intentional tort claims for lack of subject matter jurisdiction, holding that the United States had not waived its sovereign immunity. We AFFIRM in part, REVERSE in part, and REMAND for further proceedings.

I.

In his complaint, Dickson alleges that the BOP transferred him to USP Beaumont and housed him in the general population despite his expressed fears that he would be targeted for violence by other inmates due to his convictions for possession and production of child pornography. After the BOP allegedly ignored his concerns, Dickson was assaulted by another inmate. Following the assault—which Dickson did not initially report and instead came to light after BOP staff noticed his injuries—Dickson was transferred from the general population to the Special Housing Unit ("SHU") for a threat assessment. While in the SHU, Dickson alleges that the BOP denied him mental health treatment as well as access to the law library, administrative remedy forms, reading materials, adequate clothing and personal hygiene items. He further alleges that BOP staff encouraged him to commit suicide, destroyed legal documents, poisoned his food, made disparaging sexual remarks, and housed him in a cell without clothing for extended periods of time.

While still in the SHU, Dickson attempted to commit suicide, allegedly after BOP staff ignored his request to speak to someone at psychological services to treat his suicidal thoughts. Following the suicide

court are waived and cannot be raised for the first time on appeal." (quoting *LeMaire v. La. Dep't of Transp. & Dev.* 480 F.3d 383, 387 (5th Cir. 2007))).

attempt, Dickson alleges he was again assaulted by another inmate, this time in front of BOP staff who ignored the assault.

For these alleged harms, Dickson filed suit and sought damages, medical treatment, attorney's fees, and release from confinement. The Government moved to dismiss Dickson's complaint under Federal Rules of Civil Procedure 12(b)(1) and (b)(6), arguing that the district court lacked subject matter jurisdiction and that Dickson's complaint failed to state a claim.

The district court granted the motion, holding that it lacked subject matter jurisdiction over Dickson's negligence and intentional tort claims. With respect to the negligence claims, the district court concluded that the "discretionary function exception" to the FTCA's waiver of sovereign immunity applied and that, as a result, the court lacked subject matter jurisdiction over those claims. With respect to the intentional tort claims, the district court held that the "law enforcement proviso" to the FTCA's intentional tort exception did *not* apply, and thus the court likewise lacked subject matter jurisdiction over the claims.

Dickson timely appealed, arguing that the district court erred in its application of the discretionary function exception and the law enforcement proviso. We take each issue in turn.

## II.

"We review de novo the district court's order granting the Government's motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction." *Spotts v. United States*, 613 F.3d 559, 565 (5th Cir. 2010) (citation omitted); *see also City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019) ("We review the district court's jurisdictional determination of sovereign immunity de novo."). For a

No. 19-40932

12(b)(1) motion, the general burden is on the party asserting jurisdiction. *Castro v. United States*, 608 F.3d 266, 268 (5th Cir. 2010) (en banc).

## III.

The FTCA waives sovereign immunity and permits suit against the United States for monetary claims sounding in state tort law that allege negligent or wrongful acts committed by government employees. *Spotts*, 613 F.3d at 566 (citing 28 U.S.C. § 2674). This waiver, however, is subject to various exceptions which preserve the United States' sovereign immunity. *Id.* One such exception is known as the "discretionary function exception." *Id.* (citing 28 U.S.C. § 2680). "The discretionary function exception withdraws the FTCA's waiver of sovereign immunity in situations in which, although a government employee's actions may have been actionable under state tort law, those actions were required by, or were within the discretion committed to, that employee under federal statute, regulation, or policy." *Id.* "At the pleading stage, [the] plaintiff must invoke the court's jurisdiction by alleging a claim that is facially outside of the discretionary function exception." *St. Tammany Parish ex rel. Davis v. Fed. Emergency Mgmt. Agency*, 556 F.3d 307, 315 & n.3 (5th Cir. 2009).

To determine whether the discretionary function exception applies, the Supreme Court has developed a two-part test. *Spotts*, 613 F.3d at 567 (citing *United States v. Gaubert*, 499 U.S. 315, 322-23 (1991)).

First, courts must determine whether the challenged act involves an element of judgment or choice on the part of the employee. *Gaubert*, 499 U.S. at 322. For example, "[i]f a statute, regulation, or policy leaves it to a federal agency to determine when and how to take action, the agency is not bound to act in a particular manner and the exercise of its authority is discretionary." *Spotts*, 613 F.3d at 567 (citing *Gaubert*, 499 U.S. at 329). Conversely, if an employee violates a mandatory directive in a federal statute, regulation, or

policy, "there will be no shelter from liability because there is no room for choice and the action will be contrary to policy." *Gaubert*, 499 U.S. at 324.

Second, "'even assuming the challenged conduct involves an element of judgment,' and does not violate a nondiscretionary duty, we must still decide whether the 'judgment is of the kind that the discretionary function exception was designed to shield.'" *Spotts*, 613 F.3d at 568 (quoting *Gaubert*, 499 U.S. at 322-23). As the Supreme Court describes, the exception is designed to protect "only governmental actions and decisions based on considerations of public policy." *Gaubert*, 499 U.S. at 323 (quoting *Berkovitz by Berkovitz v. United States*, 486 U.S. 531, 537 (1988)). As such, "if a regulation allows the employee discretion, the very existence of the regulation creates a strong presumption that a discretionary act authorized by the regulation involves consideration of the same policies which led to the promulgation of the regulations." *Id.* at 324.

Here, Dickson's complaint does not precisely describe which employee actions he is challenging as the basis of his negligence claims. Nevertheless, the district court fairly construed his complaint as asserting that BOP officials acted negligently in transferring him to USP Beaumont and in housing him in the general population despite his concerns for his safety. And it correctly held that those challenged actions are encompassed by the discretionary function exception.

As the district court held, federal statutes confer discretion on the BOP to classify prisoners and place them in institutions in accordance with public policy. *See Cohen v. United States*, 151 F.3d 1338, 1343 (11th Cir. 1998) (citing 18 U.S.C. §§ 3621, 4081). Thus, "decisions regarding the transfers and classifications of prisoners generally fall within the discretionary function exception." *Patel v. United States*, 398 F. App'x 22, 29 (5th Cir. 2010) (per curiam) (unpublished). The same is generally true for decisions to place a

prisoner within the general population of a specific institution. *See Ashford v. United States*, 463 F. App'x 387, 394 (5th Cir. 2012) (per curiam) (unpublished).

While it may be possible that other policies remove components of this general discretion under certain circumstances, *see id.* at 392–94, Dickson has not identified any such policy or otherwise alleged that the BOP violated a nondiscretionary duty when it placed him within the general population at USP Beaumont. He has thus not met his burden to demonstrate that the discretionary function exception does not apply to his claim. *See St. Tammany Parish*, 556 F.3d at 315.

The same is true of other grievances contained in Dickson's complaint that could be construed as negligence claims. For example, while Dickson generally alleges that his requests for mental health treatment were denied, he does not allege that those denials violated nondiscretionary duties or that they were discretionary decisions not based on considerations of public policy. *See Lopez v. U.S. Immigr. & Customs Enf't*, 455 F. App'x 427, 432–34 (5th Cir. 2011) (unpublished). Indeed, the regulations he generally invokes are not pertinent to the challenged actions. *See, e.g.*, 28 C.F.R. § 549.70-72 (governing the charging of fees for health care services administered to inmates).

We therefore AFFIRM the district court's decision to dismiss Dickson's negligence claims for lack of subject matter jurisdiction.

## IV.

Another exception to the FTCA's waiver of sovereign immunity is the "intentional tort exception," which "preserves the Government's immunity from suit for '[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.'" *Millbrook v.*

*United States*, 569 U.S. 50, 52 (2013) (citing 28 U.S.C. § 2680(h)). But this exception itself has an exception. The "law enforcement proviso" to the intentional tort exception "extends the waiver of sovereign immunity to claims for six intentional torts[2] . . . that are based on the 'acts or omissions of investigative or law enforcement officers.'" *Id.* at 52–53 (citing 28 U.S.C. § 2680(h)). In short, if the "law enforcement proviso" applies, sovereign immunity is waived. *Id.*

Here, Dickson's complaint asserts claims for the intentional torts of assault, battery, false arrest, abuse of process, and intentional infliction of emotional distress. In deciding whether it had subject matter jurisdiction over these claims, the district court first noted—correctly—that BOP officials are "law enforcement officers" within the meaning of the law enforcement proviso. *Chapa v. United States*, 339 F.3d 388, 390 (5th Cir. 2003) (per curiam). Nevertheless, citing this court's unpublished decision in *Cross v. United States*, 159 F. App'x 572, 575 (5th Cir. 2005), the district court held that the law enforcement proviso did not apply to the allegations in Dickson's complaint because the defendant BOP officials were not acting in an investigative or law enforcement capacity when allegedly committing the torts. *See id.* at 576. In other words, although the defendant BOP officers had the *status* of law enforcement officers within the meaning of the law enforcement proviso, they were not engaged in law enforcement *activities* when allegedly committing the torts and thus the proviso did not apply. *See id.*

The problem with our holding in *Cross*—and the district court's reliance on it—is that the Supreme Court has since explicitly rejected this

---

[2] These six intentional torts are: assault, battery, false imprisonment, false arrest, abuse of process, and malicious prosecution. 28 U.S.C. § 2680(h).

"status" versus "activities" distinction for purposes of the law enforcement proviso. In *Millbrook*, the Court made clear that only the former matters. 569 U.S. at 57 ("We hold that the waiver effected by the law enforcement proviso extends to acts or omissions of law enforcement officers that arise within the scope of their employment, regardless of whether the officers are engaged in investigative or law enforcement activity . . . ."); *accord Campos v. United States*, 888 F.3d 724, 737 (5th Cir. 2018).

The Government did not cite *Millbrook* below or in its initial brief here. But in a supplemental letter submitted to this court, the Government acknowledges that *Millbrook* controls and concedes that Dickson's intentional tort claims should be remanded to the district court for further consideration. We therefore REVERSE the district court's decision dismissing Dickson's intentional tort claims for lack of jurisdiction and REMAND this case for further proceedings. On remand, the only remaining question for the district court to determine with respect to whether the law enforcement proviso applies is whether the BOP officials were acting within the scope of their employment when committing the alleged torts.[3] *See*

---

[3] Intentional infliction of emotional distress ("IIED") is not an intentional tort that is excepted from the FTCA's waiver of sovereign immunity. *Truman v. United States*, 26 F.3d 592, 593 (5th Cir. 1994). Nevertheless, the district court held that it lacked jurisdiction over Dickson's IIED claim because it "arises out of" his alleged assault and false imprisonment. *See id.* at 594 (holding that a non-excepted tort claim can still be barred "when the underlying governmental conduct 'essential' to the plaintiff's claim can fairly be read to 'arise out of' conduct that would establish an excepted cause of action" (quoting *McNeily v. United States*, 6 F.3d 343, 347 (5th Cir. 1993))). We disagree. Dickson alleges conduct—for example, that BOP officials encouraged him to commit suicide and made disparaging remarks about his genitals—that are not derivative of an assault or false imprisonment claim. *See id.* at 594–95; *see also Brennan v. Mercedes Benz USA*, 388 F.3d 133, 136 (5th Cir. 2004) (describing the elements of IIED under Texas law). Therefore, even if the district court determines on remand that the BOP officials were *not* acting within the scope of their employment—thus rendering the law enforcement proviso inapplicable— Dickson's IIED claim would not be jurisdictionally barred as arising out of an excepted

No. 19-40932

*Millbrook*, 569 U.S. at 55 & n.3; *see also Humphries v. Elliott Co.*, 760 F.3d 414, 418 (5th Cir. 2014) ("It is the general rule . . . that a federal appellate court does not consider an issue not passed upon below." (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976))). As that remains a threshold jurisdictional inquiry, the district court must address the question before considering any alternative motion under Rule 12(b)(6). *Ermuraki v. Renaud*, 987 F.3d 384, 386 (5th Cir. 2021) (per curiam).

## V.

We AFFIRM the dismissal of Dickson's negligence claims. We REVERSE the dismissal of Dickson's intentional tort claims and REMAND for further proceedings.

IT IS FURTHER ORDERED that Dickson's unopposed motion to unseal the record and this appeal is GRANTED, and that his motion for summary judgment and motion to expedite the appeal are DENIED as moot.

---

cause of action. But while jurisdiction over the claim may exist, we make no comment on whether Dickson's allegations sufficiently plead an IIED claim for purposes of surviving a Rule 12(b)(6) motion.